**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**MAGGIE CAMPBELL,** on behalf of herself and all persons in California similarly situated,

Plaintiff,

**v.**

**EBAY, INC., AND PAYPAL, INC.,**

Defendants.

**Case No.: 13-CV-2632 YGR**

**ORDER GRANTING MOTION OF DEFENDANTS TO DISMISS WITH LEAVE TO AMEND**

Plaintiff Maggie Campbell ("Plaintiff") brings this putative class action against Defendants eBay, Inc. and Paypal, Inc. ("Defendants"). Plaintiff alleges claims for breach of fiduciary duty, violation of the California Unfair Competition Law, Cal. Business & Professions Code section 17200 *et seq.* ("UCL"), and violation of the California Consumer Legal Remedies Act, ("CLRA").

Defendants have filed a Motion to Dismiss under FRCP 12(b)(1) on the grounds that Plaintiff lacks standing, and under FRCP 12(b)(6) on the grounds that Plaintiff fails to meet the minimal pleading requirements of FRCP 8 or otherwise to state facts sufficient to support her claims. Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss **WITH LEAVE TO AMEND**.[1]

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **September 10, 2013**.

## I. BACKGROUND

This action was removed from Santa Clara Superior Court by the Notice of Removal filed June 7, 2013. (Dkt. No. 1 ["NOR"].) Plaintiff filed her complaint on October 9, 2012, and then filed a First Amended Complaint. (NOR, Exhs. 1 and 9 ["FAC"].) In the FAC, Plaintiff alleges that she operates a business in California selling bicycles and bicycle parts through eBay. (FAC ¶ 14.) She alleges that she has an account with both Defendant PayPal, Inc. and Defendant eBay, Inc. (FAC ¶ 14.) She alleges a class defined as "all sellers of goods and services emanating from California who have user agreements" with Defendants and "who have utilized and are utilizing the services provided by Defendant PayPal, Inc. and Defendant eBay Inc." (FAC ¶ 19.)

Plaintiff's claims are based upon several alleged policies or practices of Defendants, including:

(1) eBay's "Buyer Is Always Right" grievance policy concerning disputes between buyers and sellers, which results in "[s]ellers such as the Plaintiff … losing the goods… shipped to the buyer, as well as the money paid by the buyer for the goods, which is refunded to the buyer by either PayPal or eBay" (FAC ¶ 5);

(2) Defendants' use of software to "place files in the computers of the Plaintiff and other sellers . . . which allows said Defendants to spy on the activities of the Plaintiff and other sellers similarly situated" and invades their privacy (FAC ¶ 6);

(3) eBay's restrictions what can be sold on its website (FAC ¶7);

(4) eBay restrictions on sellers' accounts when a seller is late in paying listing fees and Final Value Award fees owed to the company, or if a seller is "downgraded" based on buyer complaints (FAC ¶ 8);

(5) PayPal's failure to deliver payments immediately from an eBay buyer to a seller, instead making use of the funds during the delay period while the funds are in the possession and control of PayPal (FAC ¶ 9);

(6) eBay's encroachment on sellers' ownership rights by "placing 'fast and easy advertisements' all over the listings pages . . . which detract from the effectiveness of the listing pages," and thereby cause sellers "damage as a result of lost sales" (FAC ¶ 10);

United States District Court
Northern District of California

(7) eBay's actions as an "agent for the Plaintiff and other sellers similarly situated" by which eBay precludes sellers "from communicating with their prospective buyers, and also precludes the prospective buyers from communicating directly with the sellers," including that eBay "delete[s] language from a communication that it does not want the buyer or the seller to read, or [] will add language that it does want the buyer or seller to read." (FAC ¶ 11.)

(8) "eBay sanctions and approves" third party vendors and "recommends that sellers utilize the services of an approved third party vendor," including Teapplix and Inkfrog insurance, such that even when a seller tries to terminate service with the third party vendor, "PayPal, upon the direction of Defendant eBay," continues to pay third party vendors with a seller's money (FAC ¶¶ 12, 13); and

(9) sellers subject to account holds by Defendants cannot obtain shipping insurance because a recommended third party insurance provider only accepts payment through PayPal (FAC ¶ 13).

## II. Standards Applicable To The Motion

Defendants move under FRCP 12(b)(6) for failure to allege facts sufficient to establish Plaintiff's claims. "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). The pleading is construed in the light most favorable to the non-moving party and all material allegations in it are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).

Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). Hence, the Court need not assume unstated facts, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense."). A plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In sum, if the facts alleged foster a reasonable inference of liability—stronger than a mere possibility—the claim survives; if they do not, the claim must be dismissed. *See Iqbal*, 556 U.S. at 678–79.

Defendants' motion also challenges the complaint under FRCP 12(b)(1) for lack of subject matter jurisdiction based upon Plaintiff's lack of standing. *See In re Ditropan XL Antitrust Litig.*, M:06-CV-01761-JSW, 2007 WL 2978329, at *1 (N.D. Cal. Oct. 11, 2007) ("Standing pertains to a federal court's subject matter jurisdiction under Article III, and thus, is properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).") (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 942-44 (S.D. Cal. 2007) (addressing standing under Rule 12(b)(1)). The Court is presumed to lack subject matter jurisdiction until plaintiff proves otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Plaintiff must present admissible evidence to satisfy this burden. *Ass'n of Am. Medical Colleges, v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

Defendants request judicial notice as to two items: eBay's User Agreement in effect at the time of the filing of the original complaint, and eBay's Prohibited and Restricted Items Policy in effect at that time, which was expressly incorporated into the User Agreement. (*See* Request for Judicial Notice [Dkt No. 17] and Declaration of Elizabeth Hartrich, Exh. A and B [Dkt. No. 18].) Plaintiff objects on grounds of relevance, lack of foundation and failure to comply with the Best Evidence Rule. However, Plaintiff has alleged that she and members of the putative class have "user agreements" with eBay. (FAC ¶19.) On a motion to dismiss, a court may consider documents referenced in the complaint, "central" to the claims, and as to which no party questions the authenticity of the copies provided. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The agreements are referenced by the FAC, central to the allegations, and, even if not the agreement Plaintiff herself signed, are undisputedly the version in effect at the time of the filing of

the FAC. Plaintiff's objections are overruled and the Court considers them for the limited purpose of considering whether they affect Plaintiff's pleading burden.

## III. ANALYSIS

### A. Failure to Allege Damage and Standing

First, Plaintiff does not plead that she was damaged as a result of any of the nine policies she alleges. While she details policies and practices that apply to "sellers such as Plaintiff," she never alleges that any of these policies or practices affected her. For example, in her "Buyer Is Always Right" policy allegations, Plaintiff fails to allege that she had a dispute with a buyer or that eBay resolved such a dispute in the buyer's favor. (*See* FAC ¶ 5.) In her listing restriction allegations, she complains that eBay restricts sellers from listing some types of items for sale on its website, but she does not allege that she was ever restricted from selling any item at any time. (FAC ¶ 7.) In the allegations concerning account restrictions or account downgrading, she fails to allege her accounts were restricted, that any such restriction was improper, or that she suffered any damage as a result. (FAC ¶¶ 7, 8.) With respect to the allegations that PayPal holds funds for an unreasonable period and makes use of the money, Plaintiff does not allege any sale in which this alleged practice affected her. (FAC ¶ 9.) The allegations as to each of the policies and practices suffer from the same lack of any factual allegation that Plaintiff was affected by any of them. As a result, Plaintiff fails to allege a claim and, more significantly, fails to allege a basis for standing. *See Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 643 (2009) (standing for purposes of CLRA claim not established in "situations in which an allegedly unlawful practice under the CLRA has not resulted in some kind of tangible increased cost or burden to the consumer")*; Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011) (establishing standing, *i.e.* injury in fact, for purposes of UCL claim requires factual allegations establishing "lost money or property" personal to the plaintiff). Thus, the motion to dismiss on standing grounds is **GRANTED**.

Defendants also argue that certain of the alleged bases for the claims are foreclosed by the terms of the standard user agreements Plaintiff and other sellers have with eBay and PayPal. Plaintiff acknowledges that she has signed a user agreement with eBay. (FAC ¶ 19). The eBay User Agreement in effect at the time of the filing of the original complaint specifically incorporated



United States District Court
Northern District of California

eBay's "Prohibited and Restricted Items Policy," which restricts sellers from listing certain items for sale such as "ethnically or racially offensive material and Nazi memorabilia." (*See* RJN, Hartrich Dec., Exh. A, "Additional Terms" at p. 7; Exh. B, "Prohibited and Restricted Items" at p. 2.) In her opposition, Plaintiff seems to acknowledge that this Prohibited and Restricted Items Policy applied to her user agreement, but contends that she can amend the complaint to make clear that she is challenging a different set of restrictions. (Opp'n at 10:20 – 11:5.) In amending her complaint, Plaintiff should address the nature of the restrictions that are the basis for her complaint and why those restrictions are not part of the agreement she acceded to as part of her user agreement with eBay.[2]

**B. Breach of Fiduciary Duty**

To state a claim for breach of fiduciary duty, Plaintiff must allege: (1) the existence of a fiduciary relationship, (2) breach of fiduciary duty, and (3) damages. *Oasis W. Realty, LLC v Goldman*, 51 Cal. 4th 811, 820 (Cal. 2011). Certain relationships give rise to fiduciary duties "as a matter of law," such as relationships between "principal and agent," "real estate broker/agent and client" and "joint venturers." *Oakland Raiders v. Nat'l Football League*, 131 Cal. App. 4th 621, 632 (2005). Otherwise, "before a person can be charged with a fiduciary obligation, he must … knowingly undertake to act on behalf and for the benefit of another." *Id*. "California courts have rejected attempts to extend fiduciary obligations to relationships where the imposition of such an affirmative duty is unwarranted." *Id.* at 633.

Plaintiff alleges that PayPal and eBay both "serve as the agent" for Plaintiff and other sellers (*id*., ¶ 9). Plaintiff alleges that PayPal acts as the agent for Plaintiff by "obtaining payment for goods and services sold by the sellers to their buyers." (*Id*.) Plaintiff similarly alleges that eBay serves as her agent because it has the power to "preclude[] Plaintiff and other sellers . . . from communicating with their prospective buyers" and to "delete language from a communication it does not want the buyer or seller to read." (*Id*. ¶ 11.)

---

[2] Plaintiff does not allege a violation of the user agreement.

United States District Court
Northern District of California

In opposition to the motion, without citation to any authority, Plaintiff argues that these allegations "reflect[ ] those fiduciary relationships traditionally acknowledged by the law such as those formed by parties to a real estate transaction and the escrow agent who holds the property of the parties to the transaction effectively in trust until certain instructions the parties provide the agent are met; or, akin to a Trustee and Trustor or between the banker and the customer whose monies it holds." (Opp'n at 13:3-8.) Plaintiff's argument is without substance or apparent merit under applicable California law. The allegations in the FAC do not allege an agency relationship with respect to any "holding of money" by PayPal (or eBay) but instead focus on eBay's actions as an "agent for the Plaintiff and other sellers similarly situated" by which eBay precludes sellers "from communicating with their prospective buyers, and also precludes the prospective buyers from communicating directly with the sellers," including that eBay "delete[s] language from a communication that it does not want the buyer or the seller to read, or [] will add language that it does want the buyer or seller to read." (FAC ¶ 11.) In short, the FAC does not allege facts to show the nature of the fiduciary relationship or the breach of that duty, and the opposition does little to explain how Plaintiff would cure this problem. Mere conclusory allegations on this point will not suffice. *Gonzales v. DHI Mortgage Co., Ltd.*, C 09-1798 PJH, 2009 WL 4723362 at *4 (N.D. Cal. Dec. 4, 2009) (vague allegations of fiduciary relationship are insufficient to withstand motion to dismiss).[3]

As a result, Plaintiff has failed to allege a breach of fiduciary duty claim against either Defendant. The motion as to this claim is **GRANTED**.

**C. UCL Claim**

California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." *Dunkel v. eBay Inc.*, No. 5:12-CV-01452-EJD, 2013 WL 415584, at *10 (N.D. Cal. Jan.

---

[3] eBay also argues that the standard user agreement includes a "No Agency" provision, highlighted in bold font, that states: "*No agency*, partnership, joint venture, employee-employer, or franchiser-franchisee relationship *is intended or created by this User Agreement*." (RJN, Hartrich Dec., Exh. A, "No Agency" at p. 5 (emphasis added).) Plaintiff's amended pleading should address the applicability of this clause to her claims.

31, 2013) (quoting and citing *Birdsong v. Apple, Inc*. 590 F.3d 955, 959 (9th Cir. 2009)). "[A] plaintiff must have suffered an 'injury in fact' and 'lost money or property as a result of the unfair competition' to have standing to pursue either an individual or a representative claim under the California Unfair Competition Law." *Jensen v. Quality Loan Serv. Corp*, 702 F. Supp. 2d 1183, 1199 (E.D. Cal. 2010) (citation and quotation marks omitted).

Here, Plaintiff asserts that "Defendants have committed unlawful, unfair or deceptive business practices in violation of California law," without alleging which prongs are at issue or what facts would establish any of those prongs. (FAC, ¶ 34; *see also*, Prayer at ¶ 3.) Assuming Plaintiff intends to state a claim under the unlawful prong, she fails to identify the predicate offenses that would form the basis such a claim, alleging no more than that "Defendants have committed unlawful . . . business practices in violation of California law." (FAC ¶ 34.) Plaintiff's statement in opposition to the motion, that the "unlawful" practice is the breach of fiduciary duty or could be a claim (not yet pleaded) for violation of a California Civil Code provision against conversion of monies, do not offer a sufficient basis for the claim either.

Similarly, assuming Plaintiff intends to allege a claim under the "unfair" or "fraudulent" prongs, she must allege facts to support those claims. Indeed, a claim under the fraudulent prong must meet the more stringent particularity standards under FRCP 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Plaintiff's vague argument in opposition that "Defendants made representations to the public about their services and performance and what the users and consumers (buyers and sellers), including Plaintiff, could expect for the fees they paid. . . [which] turned out to be false and misleading half-truths," does not get any closer to stating a plausible claim. The Court therefore **GRANTS** the motion to dismiss the UCL claim.

### D. CLRA Claim

"The [CLRA] prohibits specified unfair and deceptive acts and practices in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." *Fairbanks v. Superior Court*, 46 Cal. 4th 56, 59 (2009). Under the statute, "consumer" means "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal. Civ. Code §1761(d). To withstand a motion to dismiss, Plaintiff must

allege facts showing that she is a "consumer" as contemplated by the CLRA. *See Zepeda v. PayPal, Inc.*, 777 F. Supp. 2d 1215, 1222 (N.D. Cal. 2011); *Mazur v. eBay Inc.*, 257 F.R.D. 563, 568 (N.D. Cal. 2009) ("[Plaintiff] uses eBay Live Auction to purchase items for her business and not her own use . . . [Plaintiff] is therefore not a consumer as defined by [the CLRA].") (internal citations omitted); *Person v. Google, Inc.*, No. C 06-7297 JF (RS), 2007 WL 832941, at *7 (N.D. Cal. Mar. 16, 2007) ("Since Plaintiff's stated purpose for using [Google's] AdWords is commercial and political, he is not a consumer" under CLRA). Conclusory allegations that the plaintiff is a consumer are not sufficient where the complaint alleges that the plaintiff's claims arise out of its role as a seller. *Zepeda*, 777 F. Supp. 2d at 1222.

Plaintiff's allegations in the CLRA claim are, at best, unclear. As pleaded in the FAC, Plaintiff "operates a business . . . by selling bicycles and bicycle parts through eBay, among other goods and services." (FAC, ¶ 14.) While Plaintiff does allege, at paragraph 1 of the FAC, that she is both a seller and a buyer on eBay, the remainder of the general allegations upon which she bases her claims concern her role and her treatment by Defendants as a *seller*. (FAC ¶¶ 5, 6, 7, 8, 9, 10, 11, 12, 13 [allegations regarding Plaintiff and "other sellers similarly situated" and "most sellers"].) Her class allegations are "on behalf of herself and a class defined as all sellers of goods and services emanating from California who have user agreements with Defendant PayPal, Inc. and Defendant eBay Inc., and who have utilized and are utilizing the services provided by Defendant PayPal, Inc. and Defendant eBay Inc." (FAC ¶ 19.)

It is only in the CLRA claim itself that she adds a single line stating that she "brings this claim on behalf of a class of buyers against Defendant eBay," without further alleging a class definition. (FAC ¶ 38.) She then adds new allegations that eBay manipulates sellers to get them to add the cost of shipping into the selling price so that they can conceal the fact that buyers are actually being charged for shipping.

Plaintiff's claim fails to allege that she was subject to this practice or was injured by it. Further, a CLRA claim, being "grounded in fraud," must meet the particularity requirements of FRCP 9(b), which Plaintiff's allegations do not. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

1097, 1106 (9th Cir. 2003). Accordingly, the motion to dismiss Plaintiff's CLRA claim is **GRANTED**.[4]

## IV. CONCLUSION

In accordance with the above, the Motion to Dismiss is **GRANTED** as to all causes of action**.**

The Court will allow leave to amend. Plaintiff must set forth facts sufficient to establish each claim, the defendants against whom it is stated, and the legal grounds upon which it is based. Plaintiff's attorneys are further reminded of their obligations under FRCP 11.

Plaintiff shall file her amended complaint no later than **October 1, 2013**. Defendants shall file their response no later than **October 22, 2013**.

This Order terminates Docket No. 16.

**IT IS SO ORDERED.**

Date: September 5, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

[4] The Third Cause of Action is not labeled to specify that it is against Defendant eBay only, although it appears that was Plaintiff's intent. (*See* FAC ¶ 38.) Moreover, it does not appear that the CLRA claim would apply to PayPal, as the CLRA cannot be used to regulate money or credit transactions. *See Berry v. Am. Express Publishing*, 147 Cal. App. 4th 224, 229-30 (2007); *see also* Cal. Civ. Code § 1770(a). In the amended complaint, Plaintiff is directed to allege with clarity which claims are stated against which Defendants.