PAGES 1 - 45

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAGGIE CAMPBELL,                )
                               )
          PLAINTIFF,           )    NO. C-13-2632 YGR
                               )
  VS.                          )    TUESDAY, APRIL 1, 2014
                               )
EBAY, INC., ET AL.,            )    OAKLAND, CALIFORNIA
                               )
          DEFENDANTS.          )    MOTION TO DISMISS
_____)


**BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**              ANTHONY A. FERRIGNO, ESQUIRE
                               1116 INGLESIDE AVENUE
                               ATHENS, TENNESSEE 37303


**FOR DEFENDANT:**             SACKS RICKETTS & CASE, LLP
                               177 POST STREET, SUITE 600
                               SAN FRANCISCO, CALIFORNIA 94108
                          BY:  LUANNE SACKS, ESQUIRE
                               MIKE SCOTT, ESQUIRE

                               SACKS RICKETTS & CASE
                               2800 NORTH CENTRAL AVE., STE. 1230
                               PHOENIX, ARIZONA 85004
                          BY:  CINDY RICKETTS, ESQUIRE


**REPORTED BY:**               DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                               OFFICIAL COURT REPORTER

        TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

| | |
|---|---|
| 1 | <u>TUESDAY, APRIL 1, 2014</u>                                    <u>2:00 P.M.</u> |
| 2 |                              P R O C E E D I N G S |
| 3 |          **THE CLERK:**  CALLING CIVIL ACTION 13-2632 CAMPBELL |
| 4 | VERSUS EBAY. |
| 5 |     COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES. |
| 6 |          **MR. FERRIGNO:**  GOOD AFTERNOON, YOUR HONOR.  ANTHONY |
| 7 | FERRIGNO. |
| 8 |          **THE COURT:**  GOOD AFTERNOON. |
| 9 |          **MR. FERRIGNO:**  SORRY.  GOOD AFTERNOON, YOUR HONOR. |
| 10 | ANTHONY FERRIGNO FOR THE PLAINTIFFS. |
| 11 |          **MS. SACKS:**  GOOD AFTERNOON, YOUR HONOR.  LUANNE |
| 12 | SACKS, CINDY RICKETTS, AND I'M LOSING MY MIND TODAY -- MIKE |
| 13 | SCOTT ON BEHALF OF DEFENDANT EBAY AND PAYPAL. |
| 14 |          **THE COURT:**  AND WHO IS GOING TO BE ARGUING? |
| 15 |          **MR. FERRIGNO:**  I WILL BE, YOUR HONOR.  I'M THE ONLY |
| 16 | ONE HERE FOR THE PLAINTIFFS. |
| 17 |          **MS. SACKS:**  AS LONG AS I CAN RECALL MY OWN NAME, I |
| 18 | WILL BE, YOUR HONOR. |
| 19 |          **THE COURT:**  OKAY, MS. SACKS. |
| 20 |     WHO WROTE THE MOTION TO DISMISS? |
| 21 |          **MS. SACKS:**  YOUR HONOR, I DID ALONG WITH THE TWO |
| 22 | COLLEAGUES OF MINE WHO ARE HERE TODAY. |
| 23 |          **THE COURT:**  ALL RIGHT.  WE'LL START FIRST WITH HOW DO |
| 24 | I PRONOUNCE YOUR NAME PROPERLY? |
| 25 |          **MR. FERRIGNO:**  FERRIGNO. |

1          **THE COURT:**  FERRIGNO?

2          **MR. FERRIGNO:**  YES.  IT'S LIKE THE N-Y IN CANYON.

3     FERRIGNO.

4          **THE COURT:**  YOU ASKED FOR ORAL ARGUMENT?

5          **MR. FERRIGNO:**  YES.

6          **THE COURT:**  SIR, GO AHEAD.

7          **MS. SACKS:**  YOUR HONOR, MAY I BE SEATED?

8          **THE COURT:**  AT THIS POINT, YES.  I DIDN'T NOTICE YOU

9     WERE ON CRUTCHES.  OF COURSE.

10          **MR. FERRIGNO:**  FIRST OF ALL, YOUR HONOR, I THINK

11    THERE ARE A NUMBER OF MISSTATEMENTS IN THE PAPERS OF THE

12    DEFENDANTS IN THEIR MOTION TO DISMISS -- IN THEIR REPLY BRIEF.

13      THEY SAY IN THEIR REPLY BRIEF THAT PLAINTIFFS ADMIT THAT

14    THEY ARE NOT SEEKING RESTITUTION REGARDING UCL CLAIMS AND THEY

15    CITE PAGES 13 AND 22 OF OUR OPPOSITION.

16      THIS IS NOT THE CASE.  THE ONLY REFERENCE TO THE ISSUE OF

17    RESTITUTION AS POSSIBLY NOT RECOVERABLE IS AT PAGE 22 WHERE WE

18    STATE THAT IN THE EVENT THAT WE ARE NOT ABLE TO SEEK

19    RESTITUTION ON THE INTERNATIONAL SALES CLAIM UNDER THE UNFAIR

20    BUSINESS PRACTICES ACT, THAT WE WERE STILL SEEKING INJUNCTIVE

21    RELIEF.  THAT'S THE ONLY INFERENCE IN OUR WHOLE BRIEF THAT WE

22    ARE NOT SEEKING RESTITUTION UNDER THE UCL.  ALL THE OTHER FOUR

23    CLAIMS WE ARE.

24          **THE COURT:**  COME ON BACK, MS. SACKS.

25      POINT ME TO THE PAGE THAT YOU'RE REFERENCING IN YOUR REPLY

1    BRIEF.

2              **MR. FERRIGNO:**  AT PAGE 22 -- EXCUSE ME.  AT -- I

3    DON'T KNOW IF I CITED THEIR PAGE NUMBER, BUT I HOPE I HAVE IT

4    HERE.

5        I WILL BE THERE IN A MOMENT, I THINK, YOUR HONOR.  I HOPE.

6                    (PAUSE IN THE PROCEEDINGS.)

7        I THINK IT MUST BE IN THE INTRODUCTION, YOUR HONOR.  LET'S

8    SEE.

9                    (PAUSE IN THE PROCEEDINGS.)

10        SORRY.  YES, YOUR HONOR.  AT PAGE 1 OF THEIR OPPOSITION --

11    OF THEIR REPLY BRIEF, WHICH I DON'T HAVE IN FRONT OF ME SO I

12    CAN'T GIVE YOU THE LINE NUMBERS, BUT THEY SAY THAT WE

13    ACKNOWLEDGE THAT NO RESTITUTION IS DUE BECAUSE SHE PAID NO

14    MONEY TO EITHER DEFENDANT.

15        AND THEN THEY CITE PAGES -- YOU'LL SEE A CITE IN PARENS 13

16    AND 22.  AND AS I SAID, AT PAGE 22 --

17              **THE COURT:**  YOU DON'T HAVE TO REPEAT.

18              **MR. FERRIGNO:**  OKAY.

19              **THE COURT:**  MS. SACKS, WHERE IS THE REFERENCE ON

20    PAGE 13 AND 22 TO SUPPORT YOUR STATEMENT?

21              **MS. SACKS:**  YOUR HONOR, I'M LOOKING AT PAGE 22 FIRST,

22    IF I MAY.  DEFENDANTS FURTHER ARGUE --

23              **THE COURT:**  HOLD ON.

24              **MS. SACKS:**  I'M SORRY.

25              **THE COURT:**  WHAT LINE?

1           **MS. SACKS:**  LINE 12, YOUR HONOR.

2           **THE COURT:**  ALL RIGHT.  GO AHEAD.  WHAT IS YOUR

3    ARGUMENT.

4           **MS. SACKS:**  I'M SORRY, YOU ARE DIRECTING THAT TO ME,

5    CORRECT, YOUR HONOR?

6           **THE COURT:**  YES.

7           **MS. SACKS:**  YOUR HONOR, THE ONLY RESTITUTION THAT

8    APPEARED CLEAR FROM THE ARGUMENTS IN THE THIRD AMENDED

9    COMPLAINT WAS THE ARGUMENT ABOUT INTERNATIONAL SALES.

10   PLAINTIFF HAS NEVER IDENTIFIED ANY SPECIFIC DOLLAR AMOUNTS IN

11   THE THIRD AMENDED COMPLAINT OR ANY OF THE PRIOR PLEADINGS

12   WHICH WERE MONIES THAT WERE PAID TO EBAY OR PAYPAL --

13                     (SIMULTANEOUS COLLOQUY.)

14          **THE COURT:**  AND THAT COULD BE.

15      WHAT I'M ASKING IS THAT YOU MADE A SPECIFIC STATEMENT.

16   AND, FRANKLY, THE REASON I STARTED THIS REASON ASKING WHO

17   WROTE THIS BRIEF IS BECAUSE I FOUND A NUMBER OF

18   INCONSISTENCIES BETWEEN WHAT YOU ARE ARGUING IN YOUR PAPERS

19   AND WHAT ACTUALLY EXISTS.  AND WE ARE GOING TO GO THROUGH THIS

20   WITH A FINE TOOTH COMB, NOT NECESSARILY TODAY, BUT I'LL TELL

21   YOU, I DO NOT APPRECIATE LAWYERS MAKING ARGUMENTS THAT AREN'T

22   SUPPORTED.  AND I WILL SANCTION IN THE FUTURE AND -- IF I SEE

23   IT.

24          **MS. SACKS:**  I APPRECIATE THAT VERY MUCH, YOUR HONOR.

25          **THE COURT:**  YOU SHOULD BECAUSE I'M NOT PLEASED WITH A

1    NUMBER OF THINGS THAT HAVE BEEN POINTED OUT TO ME WITH RESPECT

2    TO YOUR BRIEFING.

3        NOW, IT SAYS HERE, "SHE ACKNOWLEDGES THAT NO RESTITUTION

4    IS DUE".  THAT'S WHAT YOU ARE TELLING ME IS THAT, JUDGE, I'VE

5    GOT AN ADMISSION IN THE PAPERS THAT SHE -- THERE'S NO

6    RESTITUTION DUE.

7        WHERE DOES SHE ADMIT THAT?

8            MS. SACKS:  YOUR HONOR, I WOULD DISAGREE SLIGHTLY

9    WITH THAT AND THERE'S A SPECIFIC REASON WE USE THE WORD

10   "ACKNOWLEDGES" AS OPPOSED TO "ADMITS" OR "CONCEDES".

11           THE COURT:  OKAY.  WELL, THEN, WHAT I AM ASKING YOU

12   TO DO AS AN ADVOCATE IS NOT MISLEAD THE COURT.

13           MS. SACKS:  I APOLOGIZE, YOUR HONOR.  THAT WAS NOT

14   OUR INTENT IN ANY WAY.

15           THE COURT:  ALL RIGHT.  THEN WHAT WAS YOUR INTENT?

16   BECAUSE THAT'S WHAT'S SUGGESTED.

17           MS. SACKS:  THE INTENT WAS TO POINT OUT THAT WE

18   RAISED THE ISSUE, AND PLAINTIFF ACKNOWLEDGED THAT WE RAISED

19   THIS ISSUE THAT SHE LACKED STANDING ON THIS.  SHE HAS NOT

20   CLAIMED ANY MONIES DUE.  AND WHEN WE RAISED IT AND SHE

21   ACKNOWLEDGED THAT WE RAISED IT, HER RESPONSE WAS NOT TO SAY,

22   OH, NO THEY'RE WRONG.  WE HAVE RAISED THIS IN OUR TAC.

23   PLAINTIFF'S RESPONSE WAS TO SAY SIMPLY, WHETHER PLAINTIFF'S

24   RESTITUTION REMEDY FAILS OR NOT, SHE SEEKS INJUNCTIVE RELIEF.

25       IN NO WAY DID THEY PROVIDE ANY DIRECTION TO US OR TO THE

1   COURT AS TO HOW OUR READING OF THEIR TAC WAS INCORRECT WITH

2   REGARD TO THE RESTITUTION CLAIM.

3          **THE COURT:**  MR. FERRIGNO.

4          **MR. FERRIGNO:**  YES, YOUR HONOR.  I THINK THAT

5   PARAGRAPH IS VERY STRONGLY LIMITED TO THE INTERNATIONAL SALES

6   CLAIM.

7       IN THE VERY FIRST SENTENCE, WHICH I THINK THE -- MS. SACKS

8   CITED PARTIALLY:

9              "DEFENDANTS FURTHER ARGUE THAT THE PLAINTIFFS LACK

10             STANDING TO SEEK RESTITUTION FROM DEFENDANT EBAY FOR

11             MONIES THAT PLAINTIFF LOST AS A RESULT OF THE

12             RESCISSION OF HER INTERNATIONAL SALES AGREEMENTS".

13      NOW -- AND THEN FURTHER ON, WE REFER TO OUR -- IF THE

14  RESTITUTION REMEDY FAILS OR NOT, THE PLAINTIFF AND THE MEMBERS

15  OF THE PLAINTIFF CLASS ARE SEEKING INJUNCTIVE RELIEF TO

16  PRECLUDE DEFENDANT EBAY FROM ORDERING PAYPAL TO REFUSE

17  PAYMENTS INTENDED FOR THE PLAINTIFF AND MEMBERS OF THE

18  PLAINTIFF CLASS FROM THEIR INTERNATIONAL BUYERS.

19      THIS -- THIS PARAGRAPH IS SOLELY LIMITED TO THE

20  INTERNATIONAL BUYER CLAIM WHERE EBAY IS ALLEGED TO

21  INTENTIONALLY INTERFERE WITH THOSE SALES AGREEMENTS BETWEEN

22  THE BUYERS AND SELLERS, AND DIRECT PAYPAL NOT TO GO THROUGH

23  WITH THE TRANSACTIONS AND REFUSE THE PAYMENTS.

24      SO I THINK IT'S VERY CLEAR THAT WE WERE LIMITED -- THAT --

25  THAT ISSUE WAS BEING LIMITED IN DISCUSSION AT THAT PAGE TO

1    THOSE TYPE OF SALES.

2             **THE COURT:**  MR. FERRIGNO, YOUR NEXT ISSUE.

3             **MR. FERRIGNO:**  OKAY.  YOUR HONOR, THERE'S A STATEMENT

4    MADE THAT IS -- THAT WE HAVE FAILED --

5             **THE COURT:**  AGAIN, I NEED A PAGE AND LINE NUMBER.

6             **MR. FERRIGNO:**  OH, I AM SORRY, YOUR HONOR.  I'M

7    AFRAID IN MY NOTES I DIDN'T REFER TO THE PAGE NUMBERS.

8        I THINK, AGAIN, I CAN FIND IT IF THE COURT WILL BEAR WITH

9    ME A LITTLE BIT.

10                         (PAUSE IN THE PROCEEDINGS.)

11       THERE'S A REFERENCE TO YOUR ORDER, YOUR HONOR, AT ONE OF

12   THE PAGES IN THERE.  I'M NOT SURE IF I'M GOING TO FIND THAT

13   ONE.

14       IF I CAN MAKE MY POINT, THOUGH.  THEY REFER TO YOUR ORDER

15   SPECIFICALLY BY PAGE AND LINE NUMBER FROM YOUR DISMISSAL --

16   YOUR ORDER DISMISSING THE SECOND AMENDED COMPLAINT, I BELIEVE

17   IT WAS, AND -- EXCUSE ME, YOUR HONOR, THE FIRST AMENDED

18   COMPLAINT.

19       AND THEY STATE THAT WE HAVE FAILED IN THREE RESPECTS TO

20   NOT COMPLY WITH YOUR ORDERS.  WE DID NOT STATE FACTS

21   SUFFICIENT TO SUPPORT EACH CLAIM.  WE DID NOT ALLEGE THE LEGAL

22   GROUND ON WHICH THE CLAIM WAS BASED.  AND WE DO NOT STATE

23   WHICH DEFENDANT THE CLAIM IS AGAINST.

24       WITH THE EXCEPTION OF A MISTAKE WE MADE IN INCLUDING

25   PAYPAL, I THINK IN THE INTENTIONAL INTERFERENCE CLAIM, IN ONE

1    OF THE CLAIMS, WE ENDEAVORED TO PUT AT THE TOP THE NAME OF THE

2    DEFENDANTS THAT WE WERE BRINGING THAT CAUSE OF ACTION AGAINST.

3        SO, FOR INSTANCE, THE SECOND CAUSE OF ACTION, BREACH OF

4    CONTRACT BY EBAY, INC., ET CETERA, WE TRIED DO THAT.  I THINK

5    THERE WAS ONE TYPO OR ONE INADVERTENT ERROR THERE.

6        ALSO, I HAVE FACTS THAT I CAN CITE THROUGHOUT THIS

7    COMPLAINT, YOUR HONOR, THAT ARE DETAILED.  YOU KNOW, I GUESS

8    THE QUESTION WOULD BE IN THIS CASE WHETHER THEY'RE

9    SUFFICIENTLY DETAILED, BUT WE CERTAINLY HAVE ALLEGED QUITE A

10   FEW FACTS TO SUPPORT OUR CLAIMS, AND I AM READY TO DISCUSS

11   THOSE, AS WELL AS THE LEGAL GROUND.

12       AND SO IF I GO ON TO THAT PART OF THE ARGUMENT.

13           **THE COURT:**  WELL, I DON'T -- YOU INDICATED THAT YOU

14   WANTED TO HAVE ORAL ARGUMENT --

15           **MR. FERRIGNO:**  YES, YOUR HONOR.

16           **THE COURT:**  -- BECAUSE OF MISREPRESENTATIONS MADE

17   DURING THE REPLY.  ALL RIGHT.  SO --

18           **MR. FERRIGNO:**  NO.  I'M SORRY, YOUR HONOR, WITH

19   RESPECT, I JUST -- I THINK I SAID IN THE LETTER TO THE COURT

20   THAT I WOULD LIKE AN OPPORTUNITY TO RESPOND TO CERTAIN

21   STATEMENTS MADE.

22           **THE COURT:**  ALL RIGHT.

23           **MR. FERRIGNO:**  I DIDN'T SAY THAT THEY -- IN THAT

24   LETTER THAT THEY HAD MISREPRESENTED --

25           **THE COURT:**  WHAT'S THE NEXT ISSUE?

1        **MR. FERRIGNO:** THE NEXT ISSUE, YOUR HONOR, IS WE HAVE

2   MISS -- WE HAVE MISCITED PLEADING STANDARDS.  I DON'T THINK WE

3   HAVE DONE THAT.  I THINK WE CITED TWO CASES SINCE <u>TWOMBLY</u>, AND

4   I THINK THAT THE ISSUE ON THE PLEADINGS IS -- HAS TO DO WITH

5   THE DEGREE OF FACTUAL ALLEGATIONS THAT ARE REQUIRED IN SOME

6   KIND OF CONTINUUM.

7        I THINK THE COURT WAS CORRECT THAT THERE NEEDS TO BE A

8   CERTAIN NUMBER OF FACTS ALLEGED.  I THINK WE'VE COMPLIED WITH

9   THE STANDARD HERE.  AND SIMPLY ALL WE DID WAS POINT OUT WHAT

10  THE PLEADING STANDARDS WERE BY DISCUSSING THE CASES.  AND I

11  DON'T THINK WE MISCITED ANYTHING.

12       THE OTHER THING IS, YOUR HONOR, I THINK IT IS VERY

13  CLEAR --

14          **THE COURT:** MS. SACKS --

15          **MR. FERRIGNO:** -- THAT WE DID NOT ADMIT -- YES, THANK

16  YOU.

17          **THE COURT:** -- DO YOU WANT TO BRING A CHAIR UP SO YOU

18  CAN SIT DOWN WHILE YOU ARE NOT ADDRESSING ME?  YOU'RE WELCOME

19  TO PULL A CHAIR UP.

20          **MS. SACKS:** THANK YOU.

21          **THE COURT:** GO AHEAD.

22          **MR. FERRIGNO:** THE NEXT POINT, IF YOU WANT ME TO MOVE

23  ON, YOUR HONOR, OR UNLESS YOU WANT --

24          **THE COURT:** I DO.  I KNOW THE STANDARDS OF A MOTION

25  TO DISMISS.  I DON'T NEED TO BE BRIEFED, ACTUALLY, BY LAWYERS,

1   BUT GO AHEAD.

2          **MR. FERRIGNO:**  RIGHT.

3      AND THEN THE NEXT POINT I WANTED TO MAKE, AN ARTICLE III

4   STANDING, THE DEFENDANTS' CLAIM THAT EVERYTHING WAS

5   SELF-INFLICTED BY CONSENT TO THE CONDUCT COMPLAINED OF.  AND I

6   THINK BY VIRTUE OF JUST ANALYZING THE ALLEGATIONS IN THE

7   COMPLAINT THAT IT CAN BE EASILY SEEN THAT THAT JUST ISN'T

8   TRUE.

9      FOR INSTANCE, IN THE ISSUE WITH REGARD TO THE POLICY WE

10  ALLEGE THAT IN PRACTICE, EBAY APPLIES THE BUYER'S-ALWAYS-RIGHT

11  PRACTICE.  IF THAT IS THE CASE, THEN THE PROVISION THAT WE

12  CITED IN OUR COMPLAINT HAVING TO DO WITH THE -- THAT GIVING

13  THEM THE SOLE DISCRETION, YOUR HONOR, TO RESOLVE DISPUTES

14  BETWEEN THE BUYER AND THE SELLER, IF THAT WERE -- IF THAT IS

15  THE CASE, THERE'S NO DISCRETION BEING EXERCISED AT ALL.  I

16  THINK WE MADE THAT POINT.  THAT IS A BREACH OF THE AGREEMENT

17  TO EXERCISE DISCRETION --

18          **THE COURT:**  LET ME ASK YOU --

19          **MR. FERRIGNO:**  -- THEY'RE NOT EXERCISING DISCRETION

20  IF THEY'RE ALWAYS RIGHT.

21          **THE COURT:**  I DON'T UNDERSTAND HOW THIS -- I DON'T

22  UNDERSTAND HOW YOU ENVISION IN ANY WAY, SHAPE, OR FORM A CLASS

23  ACTION ON THIS PARTICULAR TOPIC UNLESS YOU ARE SAYING THAT

24  THEY NEVER, NEVER FIND FOR THE SELLER.

25          **MR. FERRIGNO:**  WELL --

1       **THE COURT:** OTHERWISE, I WOULD HAVE TO LOOK AT EVERY

2  SINGLE TRANSACTION, WHICH IS CERTAINLY NOT -- DOES NOT COMPLY

3  WITH THE RULES RELATED TO THE USE OF THAT PARTICULAR

4  PROCEDURAL TOOL FOR RESOLVING DISPUTES.

5       I JUST -- I'M STRUGGLING WITH UNDERSTANDING HOW, EVEN IF

6  YOU HAD INDIVIDUAL CLAIMS, HOW THIS COULD EVER PROCEED AS A

7  CLASS ACTION.

8       **MR. FERRIGNO:** WELL, YOUR HONOR, ALL I CAN SPEAK TO

9  IS OUR -- WE HAVEN'T DONE ANY DISCOVERY, OBVIOUSLY, AND ALL I

10  CAN POINT TO IS IN OUR PLAINTIFF'S EXPERIENCE, THEY HAVE NEVER

11  BEEN -- THERE HAS NEVER BEEN A FINDING IN FAVOR OF OUR

12  PLAINTIFF. WE CITE, I THINK, 133 INSTANCES. WE CITE 13 WITH

13  SPECIFICS.

14       I MEAN, WE CAN DO PROBABLY THE 133, BUT THEN WE WOULD

15  HAVE, YOU KNOW, A SUMMARY JUDGMENT MOTION IN OUR PLAINTIFF'S

16  PAPERS OR SOMETHING. IT WOULD BE 300-PAGE COMPLAINT.

17       BUT OUR CLIENT'S EXPERIENCE IS THAT THE BUYER IS ALWAYS

18  RIGHT WITH EBAY, AND I'M SURE OUR BUYER, IF -- IF HER

19  DEPOSITION WERE TAKEN, WOULD -- WOULD SAY THAT IN TALKING WITH

20  OTHER EBAY SELLERS, THAT THEY HAVE HAD THE SAME EXPERIENCE.

21       WELL, WE WON'T KNOW FULLY UNTIL THERE IS THE ABILITY TO DO

22  THE DISCOVERY CERTAINLY, BUT LET'S SAY THAT WE HAD. ONE

23  EXCEPTION OR A FEW EXCEPTIONS IN MILLIONS OF TRANSACTIONS,

24  I -- I -- I DON'T KNOW THAT THAT WOULD BE AN IMPEDIMENT TO

25  CERTIFYING THE CLASS.

1          **THE COURT:**  THAT'S WHY I ASKED.

2          **MR. FERRIGNO:**  YES.

3          **THE COURT:**  I ASKED WHETHER YOUR ALLEGATION IS THAT

4    NEVER, THAT IT NEVER HAPPENS.

5          **MR. FERRIGNO:**  WHAT OUR ALLEGATION IS, IS THAT THEY

6    HAVE A POLICY THAT THEY FOLLOW THAT THE BUYER ALWAYS WINS.

7    DOES THAT MEAN THAT IN PRACTICE EVERY SINGLE TIME THEY HAVE

8    FAVORED THE BUYER?

9          **THE COURT:**  AN UNWRITTEN POLICY?

10          **MR. FERRIGNO:**  I DON'T KNOW.

11      I DOUBT IT WOULD BE IN WRITING, YOUR HONOR, BECAUSE THEY

12    SAY THAT THEY WILL EXERCISE IN THEIR SOLE DISCRETION --

13          **THE COURT:**  SO YOU ARE SAYING --

14          **MR. FERRIGNO:**  -- THE RESOLUTION OF THESE DISPUTES.

15          **THE COURT:**  YOU'RE SAYING THAT THERE IS AN UNWRITTEN

16    POLICY?

17          **MR. FERRIGNO:**  YES, YOUR HONOR, IN PRACTICE.

18      AND OBVIOUSLY THE COMMON PRACTICES OF A PARTY ARE AT ISSUE

19    IN A CLASS ACTION.

20          **THE COURT:**  ALL RIGHT.  NEXT ISSUE?

21          **MS. SACKS:**  YOUR HONOR, MAY I RESPOND AS WE GO

22    THROUGH THE ISSUES OR DO YOU WANT ME TO WAIT UNTIL THEY ARE

23    ALL RAISED?

24          **THE COURT:**  SO FAR I HAVEN'T NEEDED ANY RESPONSE.

25          **MS. SACKS:**  FINE.  THANK YOU.

1        **MR. FERRIGNO:** YOUR HONOR, THE OTHER -- THE OTHER

2   STATEMENT THAT I FIND NOT TOTALLY -- OR SOMEWHAT DISINGENUOUS

3   IS THAT WE CANNOT RELY ON THE EBAY AND PAYPAL CONTRACTS THAT

4   WE'VE ATTACHED TO THE COMPLAINT BECAUSE WE DON'T ISOLATE A

5   GIVEN PROVISION IN ALL INSTANCES.  IN FACT, I THINK WE ONLY

6   DID IT ONCE IN OUR COMPLAINT.  IT MAY HAVE BEEN MORE THAN

7   ONCE.  BUT IT'S IN THOSE CONTRACTS.  AND THE CONTRACTS WERE

8   INCORPORATED IN THE -- IN THE PLEADING.  AND SO I THINK THAT

9   IF WE HAVE A HEARING LIKE THIS AND WE POINT OUT WHERE IN THE

10  CONTRACTS THE PROVISIONS ARE THAT SUPPORT OUR POSITION, THAT

11  THAT IS SUFFICIENT.  SO I WANTED TO MAKE THAT POINT.

12       AND ALWAYS, I THINK, THE COURT HAS THE POWER AND

13  DISCRETION TO ALLOW US TO AMEND.  AND SO HAVING ATTACHED ALL

14  OF THE DOCUMENTS WE DID TO THE REQUEST FOR JUDICIAL NOTICE, WE

15  THINK THAT THE COURT, AND I THINK THERE IS AN INFERENTIAL

16  ADMISSION ON THEIR PART THAT YOU CAN'T USE THOSE.  AND,

17  THEREFORE, YOU KNOW, YOU HAVE TO DISMISS THE THIRD AMENDED --

18  THE THIRD AMENDED COMPLAINT.

19       BUT THE INFERENCE THERE IS THAT IF WE COULD USE THOSE,

20  THEY MIGHT SUPPORT ADDITIONALLY THE CLAIMS WE ARE MAKING.  I

21  THINK THE THIRD AMENDED COMPLAINT, AS IT STANDS, SHOULD --

22  SHOULD SURVIVE THIS MOTION TO DISMISS.  BUT, WE WOULD REQUEST

23  AN OPPORTUNITY TO AMEND IF THE COURT DISAGREES.

24       AND THAT'S ALL I HAD ON THE ISSUES WITH REGARD TO WHAT

25  THEY'RE SAYING IS -- IS -- AND I THINK IS NOT TOTALLY

```
1    ACCURATE.
2        NOW, I DO HAVE SOME THINGS I WANTED TO POINT OUT TO THE
3    COURT HAVING TO DO WITH THEIR REFERENCE TO 10.1B IN THE
4    EBAY -- EXCUSE ME, IN THE PAYPAL CONTRACT.  AND THAT IS
5    EXHIBIT B -- EXCUSE ME, EXHIBIT A, YOUR HONOR, TO THE
6    COMPLAINT.
7        THEY CITE, AND THIS GOES TO -- I WILL GIVE YOU THE -- PAGE
8    NUMBER HERE IN A MOMENT.  IT IS AWAYS DOWN.  10.1, YOUR HONOR,
9    AND 10.1B IS AT PAGE 16 OF 33 IN OUR THIRD AMENDED COMPLAINT.
10       AND -- ARE YOU THERE, YOUR HONOR?
11           THE COURT:  YOU'RE LOOKING AT WHICH DOCKET?
12           MR. FERRIGNO:  I'M LOOKING AT DOCUMENT 43, YOUR
13   HONOR.
14           THE COURT:  OKAY.
15           MR. FERRIGNO:  AT 16 OF 33.  AND IT'S UNDER PARAGRAPH
16   OR PROVISION, I GUESS, IT WOULD BE PROVISION 10.
17           THE COURT:  I'M THERE NOW.  GO AHEAD.
18           MR. FERRIGNO:  YES.
19       THEY CITE IN THEIR PAPERS THAT THIS IS A SELF-INFLICTED
20   ISSUE BECAUSE THEY MAKE THE ARGUMENT THAT THE SELLER AGREES TO
21   NOT RECEIVING THE ITEM BACK EVEN IF EBAY REFUNDS THE MONEY,
22   AND THEY CITE THIS LANGUAGE:  YOU MAY NOT RECEIVE THE ITEM
23   BACK -- "IN SOME CASES YOU MAY NOT RECEIVE THE ITEM BACK".
24       AS YOU WILL NOTE, YOUR HONOR, THOSE -- THAT LANGUAGE IS IN
25   PARENTHESES.  IT IS A PARENTHETICAL COMMENT REALLY CONNOTING
```

1    THAT THAT'S PROBABLY AN EXCEPTION.

2        AND IF YOU LOOK AT THE OTHER PROVISIONS THAT I WOULD LIKE

3    TO CITE YOU TO TO THIS AGREEMENT, AND I'M GOING TO PARAPHRASE

4    THE QUOTATIONS, YOU WILL SEE THAT THE PAYPAL AGREEMENT IS

5    REPLETE WITH REFERENCES THAT SHOW THAT THERE WAS AN INTENTION

6    IN THIS AGREEMENT TO ALLOW THE RETURN OF THE -- TO PROVIDE FOR

7    THE RETURN OF THE PRODUCTS.

8        SO, FOR INSTANCE, IF YOU READ FURTHER IN 10.1B, IT STATES:

9            "IF A BUYER FILES A SIGNIFICANTLY NOT-AS-DESCRIBED

10           CLAIM FOR AN ITEM THEY PURCHASE FROM YOU, YOU WILL

11           GENERALLY BE REQUIRED TO ACCEPT THE ITEM BACK AND

12           REFUND THE BUYER THE FULL PURCHASE PRICE PLUS

13           ORIGINAL SHIPPING COSTS."

14   OBVIOUSLY THERE, "YOU WILL BE REQUIRED TO ACCEPT THE ITEM

15   BACK" CONTEMPLATES A RETURN OF THE ITEM.

16       AT 13.4 OF THE PAYPAL AGREEMENT:

17           "IF YOU ARE ELIGIBLE FOR PAYPAL PURCHASE PROTECTION,

18           AND PAYPAL FINDS IN YOUR FAVOR ON YOUR CLAIM, PAYPAL

19           WILL REIMBURSE YOU FOR THE FULL PURCHASE PRICE OF THE

20           ITEM AND THE ORIGINAL SHIPPING COST WITH NO CAP ON

21           COVERAGE.  PAYPAL WILL NOT REIMBURSE YOU FOR THE

22           RETURN SHIPPING COSTS THAT YOU INCUR TO RETURN A

23           SIGNIFICANTLY NOT-AS-DESCRIBED ITEM TO THE SELLER OR

24           OTHER PARTY SPECIFIED BY PAYPAL."

25       OBVIOUSLY, AGAIN, IT CONTEMPLATES RETURN.

1     13.5 PROVIDES:

2          "COMPLY WITH PAYPAL SHIPPING REQUEST IN A TIMELY

3          MANNER.  FOR SIGNIFICANTLY NOT-AS-DESCRIBED SNAD

4          CLAIMS, PAYPAL MAY REQUIRE YOU AT YOUR EXPENSE TO

5          SHIP THE ITEM BACK TO THE SELLER OR TO PAYPAL OR TO A

6          THIRD PARTY AND TO PROVIDE PROOF OF DELIVERY."

7      AND 13.5 FURTHER PROVIDES:

8          "IN THE EVENT THAT PAYPAL MAKES A DECISION IN FAVOR

9          OF THE BUYER OR SELLER, EACH PARTY MUST COMPLY WITH

10         PAYPAL'S DECISION.  PAYPAL WILL GENERALLY REQUIRE THE

11         BUYER TO SHIP AN ITEM THAT THE BUYER CLAIMS IS SNAD,

12         WHICH IS SIGNIFICANTLY NOT AS DESCRIBED, BACK TO THE

13         SELLER AT THE BUYER'S EXPENSE.  AND PAYPAL WILL

14         GENERALLY REQUIRE THE SELLER TO ACCEPT THE ITEM BACK

15         AND REFUND THE BUYER THE FULL PURCHASE PRICE PLUS

16         ORIGINAL SHIPPING COSTS."

17     I NOTE THERE, YOUR HONOR, THAT THAT INFERS VERY STRONGLY

18   THAT YOU GET THE ITEM BACK AND SELLER THEN MUST REFUND THE

19   MONEY IN THAT ORDER AS WELL, WHICH IS A POINT THAT WE ARE

20   CRITICIZED FOR IN THE OPPOSITION BRIEF AS WELL.

21     SO -- SO THAT'S ON THOSE PROVISIONS WITH RESPECT TO

22   PAYPAL.

23     I ALSO WOULD LIKE, YOUR HONOR, TO -- I WOULD LIKE TO

24   RESPECTFULLY REFER THE COURT TO EXHIBIT B WHICH IS THE EBAY

25   AGREEMENT.  AND NOW I'M SWITCHING TOPICS FOR A MOMENT TO

1    INTERNATIONAL SALES.

2        AND YOU WILL SEE THAT THERE WAS NOT JUST THE LANGUAGE IN

3    THE COMPLAINT THAT SAYS YOU CAN BUY AND SELL -- EXCUSE ME, YOU

4    CAN SELL ANYWHERE AT ANY PLACE, ANY TIME, AND SO FORTH, WHICH

5    IS WELL AND GOOD ON ITS OWN, BUT IN ADDITION TO THAT, IN THE

6    INTRODUCTION TO THE EBAY COMPLAINT, YOU HAVE ALL KINDS OF

7    LANGUAGE THAT ALLOWS FOR THE INTERNATIONAL SALES.  AND I WILL

8    JUST QUOTE THE ONE PORTION.

9              "WELCOME TO EBAY.  BY USING EBAY, INCLUDING EBAY.COM

10             AND ITS RELATED SITES, SERVICES, AND TOOLS, YOU AGREE

11             TO THE FOLLOWING TERMS WITH EBAY, INC. AND THE

12             GENERAL PRINCIPLES FOR THE WEBSITES OF OUR

13             SUBSIDIARIES AND INTERNATIONAL AFFILIATES.  IF YOU

14             RESIDE OUTSIDE OF THE UNITED STATES, YOU ARE

15             CONTRACTING WITH ONE OF OUR INTERNATIONAL EBAY

16             COMPANIES.  IN COUNTRIES WITHIN THE EUROPEAN UNION,

17             YOUR CONTRACT IS WITH EBAY EUROPE SARL", IS BEST I

18             CAN READ THAT, YOUR HONOR -- "IN ALL OTHER COUNTRIES,

19             YOUR CONTRACT IS WITH EBAY INTERNATIONAL AG.  IF YOU

20             HAVE ANY QUESTIONS, PLEASE REFER TO OUR HELP

21             SECTION."

22        SO I THINK THAT IT'S DEFINITELY SHOWN BY THE VERY LANGUAGE

23    IN THE EBAY AGREEMENT THAT INTERNATIONAL SALES ARE

24    CONTEMPLATED AND AUTHORIZED FOR SELLERS AND BUYERS IN THE EBAY

25    AGREEMENT.  AND THEY SPECIFY WHO THE ENTITIES ARE THAT ARE

1    RELATED TO EBAY IN THE UNITED STATES THAT THEY ARE ALSO

2    CONTRACTING WITH.

3         **THE COURT:**  I DON'T UNDERSTAND YOUR ARGUMENT.  ALL

4    THAT SAYS IS THAT THERE ARE INTERNATIONAL AFFILIATES THAT DEAL

5    WITH EBAY CUSTOMERS IN DIFFERENT COUNTRIES.

6       WHERE DOES IT TALK ABOUT -- OR IS THERE ANY OTHER PLACE TO

7    SUPPORT YOUR ARGUMENT?

8         **MR. FERRIGNO:**  WELL, YOUR HONOR, THE ONLY REFERENCE I

9    THINK TO INTERNATIONAL OTHER THAN ALL OF THE REFERENCES,

10   THERE'S HUGE REFERENCES IN PAYPAL ABOUT MONEY EXCHANGE AND ALL

11   OF THAT, BUT RIGHT NOW I'M LOOKING AT THE EBAY BECAUSE WE'RE

12   SAYING THAT THEY INTENTIONALLY INTERFERED.

13      BUT THE ONE SENTENCE I READ FROM THIS, "IF YOU RESIDE

14   OUTSIDE OF THE UNITED STATES, YOU ARE CONTRACTING WITH ONE OF

15   OUR INTERNATIONAL EBAY COMPANIES" --

16        **THE COURT:**  AND THAT'S -- SHE DOESN'T.

17        **MR. FERRIGNO:**  PARDON ME?  SHE DOESN'T, BUT THE BUYER

18   DID, YOUR HONOR.  AND SHE'S MAKING -- THE BUYER'S CONTRACTING

19   WITH SOMEONE IN THE UNITED STATES.  AND THE PAYPAL PROVISIONS

20   ARE SET UP FOR INTERNATIONAL SALES.  THIS WOULD HAVE NO

21   PURPOSE IN HERE, REALLY, IF -- IF IT WASN'T GOING TO BE --

22        **THE COURT:**  WELL, EXCEPT IF YOU HAD -- THE WAY I READ

23   THIS, AND -- AND I WILL SPEND MORE TIME WITH IT.  THE WAY I

24   READ THIS, I UNDERSTOOD THAT THERE WERE OTHER -- THERE WERE

25   INTERNATIONAL OPERATIONS.  AND FOR THE INTERNATIONAL

1    OPERATIONS, THERE WAS A SEPARATE ENTITY THAT DEALT

2    INTERNATIONALLY.  I DIDN'T NECESSARILY READ THIS TO ENDORSE

3    INTERNATIONAL ACTIVITIES BETWEEN THE UNITED STATES AND

4    EUROPEAN COUNTRIES.

5        BUT, LIKE I SAID, THAT'S WHY I ASKED IF YOU HAD ANYTHING

6    ELSE.

7            **MR. FERRIGNO:**  WELL, I GUESS I'M HAVING A PROBLEM

8    RESOLVING THIS LANGUAGE I JUST READ.  I'M NOT GOING TO READ IT

9    AGAIN; THAT IF YOU'RE OUTSIDE OF THE UNITED STATES YOU ARE

10   CONTRACTING WITH ONE OF OUR INTERNATIONAL.  THEY ARE DIRECTING

11   THAT TO WHOEVER IS SIGNING THIS THING.

12           **THE COURT:**  IF YOU ARE IN ENGLAND -- I GUESS WHAT I

13   READ, IF YOU'RE IN ENGLAND AND YOU WANT TO USE EBAY TO

14   CONTRACT WITH SOMEONE ELSE IN ENGLAND, WOULDN'T YOU BE USING

15   THAT OTHER ORGANIZATION?  NOT EBAY, BUT THEIR INTERNATIONAL

16   SUBSIDIARY OR AFFILIATE.

17           **MR. FERRIGNO:**  YOU KNOW, YOUR HONOR, I JUST -- BY

18   SIGNING THIS THING, AND THEN IT SAYS YOUR CONTRACT IS WITH

19   EBAY EUROPE, I JUST THINK THEY'RE SAYING YOU SIGN THIS, YOU'RE

20   AUTOMATICALLY SUBJECT TO OUR EBAY EUROPE CONTRACT.

21       BUT MAYBE, YOU KNOW, THAT'S UP TO DISPUTE.  BUT AT LEAST

22   IT IS ARGUABLE, AND OBVIOUSLY THEY PERMITTED INTERNATIONAL

23   SALES FOR I DON'T KNOW HOW MANY YEARS WE ALLEGE IN THE

24   COMPLAINT, I FORGET, BUT MANY YEARS WITH OUR PLAINTIFF.

25   AND --

1        **THE COURT:** RIGHT.

2        **MR. FERRIGNO:** -- THEN THIS CONDUCT COMMENCED.

3     THE OTHER POINT I WANTED TO MAKE THAT I THINK IS IMPORTANT

4   WITH RESPECT TO THE REPLY BRIEF IS THE ISSUE ABOUT

5   UNCONSCIONABILITY AS WELL AS A BALANCING TEST.

6        BUT, FIRST, I WOULD LIKE TO ADDRESS THE UNCONSCIONABILITY

7   PROVISION.

8        **THE COURT:** LET ME HEAR FROM MS. SACKS.

9        **MR. FERRIGNO:** OKAY. YES, YOUR HONOR.

10       **MS. SACKS:** YOUR HONOR, IN AN ATTEMPT TO RESPOND TO

11   THE ISSUES RAISED BY MR. FERRIGNO, LET ME STEP BACK, PLEASE,

12   TO THE CLASS ISSUE THAT YOU DID RAISE.

13      THIS HAS BEEN GOING ON NOW FOR ALMOST 18 MONTHS. AND THE

14   PROBLEM THAT YOU'VE IDENTIFIED IS THAT THE ONLY PERSON WHO ANY

15   INFORMATION IS PROVIDED ABOUT WHATSOEVER TO THE COURT IS THIS

16   ONE NAMED PLAINTIFF, MS. CAMPBELL. AND YET WE ARE ALL BEING

17   ASKED TO EXTRAPOLATE FROM HER ACROSS ALL EBAY AND PAYPAL

18   CUSTOMERS.

19       **THE COURT:** IT IS NOT UNCOMMON.

20       **MS. SACKS:** ACTUALLY, YOUR HONOR, WHEN YOU'RE TRYING

21   TO SAY THAT, IN FACT, IT IS ALWAYS DONE EXACTLY THE SAME AND

22   YOU HAVE NO WRITTEN POLICY, YOU HAVE NOTHING BEYOND THE

23   SUPPOSITION AND SPECULATION THAT HAS BEEN PRESENTED TO THIS

24   COURT, THAT EVERYBODY ELSE HAS TO BE THE SAME. AND COUNSEL

25   CERTAINLY HAD --

1        **THE COURT:**  I'M GOING TO CUT YOU OFF BECAUSE THAT IS

2  SOMETHING THAT I RAISED.  I DIDN'T SEE -- AM I -- I DON'T

3  THINK YOU BROUGHT A MOTION ON STRIKING CLASS ALLEGATIONS.

4        **MS. SACKS:**  ABSOLUTELY, YOUR HONOR.  ABSOLUTELY, YOUR

5  HONOR.  WHAT I'M TRYING TO SAY IS THAT FOR EXACTLY --

6        **THE COURT:**  CORRECT?

7        **MS. SACKS:**  THAT'S CORRECT, WE HAVE NOT BROUGHT A

8  MOTION TO STRIKE.

9    BUT AS YOU RAISED, ONE OF THE DIFFICULTIES IN TAKING THE

10  VERY, VERY SLIM FACTS THAT HAVE BEEN PLED THAT RELATE ONLY TO

11  MS. CAMPBELL, AND TRYING TO MAKE THOSE THE BASIS OF A

12  COMPLAINT THAT INVOLVES ALL EBAY PURCHASERS, THIS IS WHY WE'RE

13  ALL STRUGGLING WITH THIS.

14    THE IDEA THAT THE BUYER IS ALWAYS RIGHT THAT KEEPS

15  APPEARING IN QUOTATION MARKS THROUGHOUT THE THIRD AMENDED

16  COMPLAINT AND PLAINTIFF'S OPPOSITION, THAT IS NOT A STATED

17  POLICY OF EBAY THAT APPEARS ANYPLACE.

18        **THE COURT:**  OKAY.  BUT WE ARE ON A MOTION TO DISMISS.

19  SO I AM, BY LAW, REQUIRED TO ACCEPT THE TRUTH OF THE

20  ALLEGATIONS THAT ARE IN FRONT OF ME.

21        **MS. SACKS:**  YES.  AND AS YOUR HONOR SAID IN THE

22  ORDER, YOU ARE REQUIRED TO TAKE THE FACTS AS LONG AS THEY ARE

23  NOT SIMPLY CONCLUSIONS OF FACT.

24        **THE COURT:**  HE'S GOT 113 REFERENCES, 13 SPECIFIC OR

25  WHATEVER THOSE NUMBERS WERE.  THAT'S NOT CONCLUSORY.

1        **MS. SACKS:**  WELL, HE STATES SOME INFORMATION ABOUT

2    THEM, BUT, FOR INSTANCE, TO MAKE THIS MORE PRECISE, COUNSEL

3    WAS JUST TALKING ABOUT SNAD.  SO SIGNIFICANTLY NOT IN

4    COMPLIANCE -- WHATEVER THE WORDS ARE -- TRANSACTIONS.  HE

5    HASN'T ALLEGED A SINGLE ONE OF THOSE SALES INVOLVED AN SNAD

6    SITUATION.  SO WHY ARE WE TALKING ABOUT THE PROVISIONS OF THE

7    USER AGREEMENT THAT TALK ABOUT SNAD TRANSACTIONS?

8        **THE COURT:**  ALL RIGHT.  RESPONSE TO THAT.

9        **MR. FERRIGNO:**  YES, YOUR HONOR.

10        WE ARE TALKING ABOUT FRAUDULENT BUYERS, AND THAT'S WHAT WE

11    ALLEGE.  NOT EVERY ONE OF THESE IS AN SNAD.  YOU CAN HAVE A

12    FRAUDULENT BUYER WHO CLAIMS, FOR INSTANCE, THAT THEY NEVER

13    RECEIVED THE PRODUCT, AS AN EXAMPLE, AND DISPUTE ENTITLEMENT

14    TO THE MONEY BEING PAID OVER TO THE SELLER BECAUSE THEIR POINT

15    IS, WELL, WE NEVER RECEIVED IT.  SO THAT'S JUST ONE EXAMPLE.

16        THESE ARE FRAUDULENT BUYERS.  IT'S NOT LIMITED TO THE SNAD

17    PROVISION.

18        **THE COURT:**  ARE THERE ANY EXAMPLES OF THE SNAD, IF

19    THAT'S THE ACRONYM?  ARE THERE ANY IN THE COMPLAINT?

20        **MR. FERRIGNO:**  DID WE SPECIFICALLY STATE IT WAS SNAD

21    OR NOT?  NO.  WE JUST SAID FRAUDULENT BUYERS, I BELIEVE, YOUR

22    HONOR.

23        **THE COURT:**  ALL RIGHT.

24        MS. SACKS, KEEP GOING.

25        **MR. FERRIGNO:**  WE DID --

1          **MS. SACKS:** ANOTHER -- I'M SORRY.  I DIDN'T MEAN TO

2     INTERRUPT, COUNSEL.

3          **MR. FERRIGNO:** WE DID GIVE THE DATE THAT THE

4     RESOLUTION WAS MADE IN FAVOR OF THE BUYER BY EBAY.  WE DID

5     GIVE THE AMOUNT OF MONEY THAT WAS INVOLVED IN EACH OF THE

6     TRANSACTIONS, I THINK, EXCEPT MAYBE FOR ONE.  AND WE DID GIVE

7     THE NUMBER OF TRANSACTIONS THAT WERE INVOLVED IN THE

8     RESOLUTION IN FAVOR OF THE BUYER.  AND IN ONE CASE I THINK WE

9     GAVE THE NAME.

10         BUT THAT'S WHAT WE DID.  WE GAVE THE DATES.  WE GAVE THE

11    OTHER INFORMATION I JUST RECITED.  IF WE HAVE TO GIVE MORE, I

12    BELIEVE WE CAN, BUT I THINK THAT THIS IS SUFFICIENT TO PUT

13    THEM ON NOTICE.  THEY CAN LOOK UP CAMPBELL'S NAME AND SEE THE

14    DISPUTE DATE RESOLUTION.

15         **THE COURT:**  COMPLAINTS DON'T HAVE TO BE LONG, THEY

16    JUST HAVE TO BE SUBSTANTIVE.  IF THE COMPLAINT IS THAT THERE

17    ARE FRAUDULENT BUYERS, THAT'S A WHOLLY DIFFERENT THING THAN

18    GENUINE DISPUTES, OR MAYBE NOT GENUINE DISPUTES BETWEEN A

19    BUYER AND A SELLER FOR WHICH EBAY IS, DESPITE THEIR CONTRACT,

20    TREATING DIFFERENTLY.

21         SO, WHAT I HEAR YOU SAYING IS THAT YOU'VE PLED ONE, BUT

22    YOU HAVEN'T PLED THE OTHER, OTHER THAN TO SAY -- OTHER THAN TO

23    THROW IT INTO THE POT.

24         **MR. FERRIGNO:**  WELL, YOUR HONOR, IT IS FRAUDULENT FOR

25    A BUYER TO CLAIM THAT SOMETHING IS --

1          **THE COURT:**  THERE ARE LOTS OF THINGS THAT ARE

2     FRAUDULENT.  THE QUESTION IS WHAT ARE THE FACTS UNDERLYING THE

3     FRAUDULENT CONDUCT AT ISSUE.  AND THAT'S WHAT I'M TRYING TO

4     UNDERSTAND.

5          **MR. FERRIGNO:**  OKAY.  SO, WHAT WE'RE SAYING IS,

6     WHETHER IT WAS A SITUATION WHERE SOMEONE CLAIMS THEY NEVER

7     RECEIVED THE PRODUCT OR WHETHER IT'S A SITUATION WHERE IT'S

8     SIGNIFICANTLY NOT AS DESCRIBED, IF THE BUYER IS FALSIFYING HIS

9     CLAIM, IT'S A FRAUDULENT CLAIM.

10         **THE COURT:**  RIGHT.

11         **MR. FERRIGNO:**  SO THAT'S WHAT WE ARE SAYING, THAT

12    THESE WERE ALL FRAUDULENT CLAIMS.

13         **THE COURT:**  BUT YOU ONLY HAVE EVIDENCE OF ONE NOT OF

14    THE OTHER, IS THAT IT?

15         **MR. FERRIGNO:**  NO, YOUR HONOR.  I THINK THAT WE

16    ENCOMPASS ALL OF THOSE TYPES OF CLAIMS IN THIS.  WE DIDN'T SAY

17    THAT ALL OF THESE WERE SNAD CLAIMS.  NOT AT ALL.

18         **THE COURT:**  WELL, THAT'S WHAT SHE SAID.  DID YOU SAY

19    THAT ANY OF THEM WERE?

20         **MR. FERRIGNO:**  WE DIDN'T DISTINGUISH, YOUR HONOR.  WE

21    SAID FRAUDULENT BUYERS, I BELIEVE.  I CAN TAKE A QUICK LOOK.

22         **THE COURT:**  ALL RIGHT.  NEXT ISSUE, MS. SACKS.

23         **MS. SACKS:**  YES, YOUR HONOR.

24      ANOTHER EXAMPLE.  ONE OF THE BASES FOR THE BREACH OF

25    CONTRACT CLAIM AGAINST EBAY IS A FAILURE TO REFUND THE FINAL

1    VALUE FEE.

2        LOOKING AT THE ACTUAL PROVISIONS OF THE EBAY USER

3    AGREEMENT, THE ONLY INSTANCE IN WHICH EBAY IS REQUIRED TO

4    CREDIT A FINAL VALUE FEE IS WHERE A SALES TRANSACTION HAS BEEN

5    RESCINDED VOLUNTARILY BY THE SELLER.  SO THE BUYER DISPUTES

6    IT, THE SELLER SAYS, OKAY, YOU KNOW WHAT, YOU'RE RIGHT, SO IT

7    NEVER GOES TO EBAY FOR THE DECISION-MAKING PROCESS.

8        THIS IS ALLEGED IN THE THIRD AMENDED COMPLAINT AT

9    PARAGRAPH 25.

10           **THE COURT:**  MR. FERRIGNO --

11           **MS. SACKS:**  WELL, AGAIN -- BUT THERE'S NO ALLEGATION

12   THAT THIS SELLER EVER ENGAGED IN SUCH AN INFORMAL RESOLUTION

13   SO THAT SHE WOULD BE ENTITLED IN ANY WAY TO THE REFUND OF ANY

14   FINAL VALUE FEE.

15           **THE COURT:**  MR. FERRIGNO.

16           **MR. FERRIGNO:**  YOUR HONOR, I CONCEDE THAT WE DO NOT

17   MAKE -- WE DO NOT AFFIRMATIVELY STRIKE AT THE -- WHETHER THAT

18   CONDITION EXISTED OR NOT TO OUR CLAIM.  WE DO NOT ALLEGE THAT

19   CONDITION BEING COMPLIED WITH, BUT WE CAN.  AND WE WOULD ASK

20   TO AMEND IF THAT IS DEEMED TO BE SOMETHING THAT THE COURT

21   FEELS IS NECESSARY.

22       ALL WE'RE SAYING IS, IS THAT THERE'S ALL THESE

23   TRANSACTIONS WE RESCINDED ON, THE BUYER'S ALWAYS RIGHT, AND

24   THEY DIDN'T REFUND OUR FINAL VALUE FEES FOR THE TRANSACTIONS.

25           **THE COURT:**  ALL RIGHT.  NEXT ISSUE.

1      **MS. SACKS:**  YES, YOUR HONOR.

2      THIS GOES TO THE BUYER'S ALWAYS RIGHT POLICY.  THERE SEEMS

3   TO BE A BIT OF A TRANSMUTATION IN WHAT THE PLAINTIFF IS

4   COMPLAINING ABOUT ON THE BUYER'S-ALWAYS-RIGHT POLICY.

5      NOW THE ARGUMENT IS MADE THAT EBAY DOES NOT CONSIDER

6   DOCUMENTATION.  PLAINTIFF HAS CONCEDED, AND IT'S CONCEDED

7   RIGHT IN THE TAC AT PARAGRAPH 27 THAT UNDER THE EBAY USER

8   AGREEMENT, BUYERS AND SELLERS PERMIT EBAY TO MAKE A FINAL

9   DECISION AT ITS SOLE DISCRETION, AT ITS SOLE DISCRETION, ON

10  ANY CLAIM THAT A BUYER FILES WITH EBAY UNDER THE EBAY BUYER

11  PROTECTION POLICY.

12      **THE COURT:**  YOU ARE NOT SAYING THAT SOLE DISCRETION

13  MEANS THAT YOU CAN VIOLATE THE COVENANT OF GOOD FAITH AND FAIR

14  DEALING, DO YOU?

15      **MS. SACKS:**  NO, YOUR HONOR.  BUT WE'RE SAYING THEY

16  GET THE FINAL DECISION-MAKING AUTHORITY.

17      SO PLAINTIFF SAYS, OH, WELL, THE WAY THEY ARE VIOLATING

18  THAT IMPLIED COVENANT IS THEIR REFUSAL TO CONSIDER

19  DOCUMENTATION THAT A SELLER PROVIDES TO SUPPORT ITS SIDE OF

20  THE DISPUTE.

21      NOWHERE IN THE TAC DOES THE PLAINTIFF EVER ASSERT THAT SHE

22  PROVIDED DOCUMENTATION TO EBAY THAT EBAY REFUSED TO CONSIDER.

23  NOT ONCE.

24      **THE COURT:**  RESPONSE.

25      **MR. FERRIGNO:**  YOUR HONOR, WE DID ALLEGE THAT WE

1    PROVIDED DOCUMENTATION AND IT WAS NOT CONSIDERED.  IT WAS

2    ALWAYS THE BUYER'S ALWAYS RIGHT.  WE DID NOT SPECIFY WHAT

3    DOCUMENTATION WE PROVIDED, BUT I CAN -- I THINK I CAN GO TO

4    THAT ALLEGATION ABOUT THE GENERALLY THAT THEY REFUSED TO

5    CONSIDER OR DID NOT CONSIDER, OR WORDS TO THAT EFFECT.  I

6    DIDN'T ACTUALLY... LET'S SEE HERE.

7            **THE COURT:**  HOW ABOUT PARAGRAPH 28?

8            **MR. FERRIGNO:**  YES, YOUR HONOR, THERE IT IS.

9        AND WE ALLEGE THAT IT WAS A BREACH BECAUSE, HOWEVER, IN

10    THESE BUYER PROTECTION POLICY CLAIMS THAT ARE FILED BY BUYERS,

11    DEFENDANT EBAY, INC. HAS BREACHED ITS USER AGREEMENT WITH THE

12    PLAINTIFF AND MEMBERS OF THE PLAINTIFF CLASS BY REFUSING TO

13    CONSIDER DOCUMENTATION PROVIDED BY THE PLAINTIFF AND THE

14    MEMBERS OF THE PLAINTIFF CLASS SHOWING THAT BUYERS CLAIMS ARE

15    WITHOUT MERIT.

16            **THE COURT:**  SO WHY IS --

17            **MS. SACKS:**  BUT, YOUR HONOR, IN THAT 133 INSTANCES

18    THAT WE'VE DISCUSSED HERE, AT NO TIME HAS THE PLAINTIFF EVER

19    ALLEGED THAT THE FAILURE THERE ON EBAY'S PART WAS TO CONSIDER

20    DOCUMENTATION.  IT'S PRESENTED AS A HE-SAID-SHE-SAID.

21            **THE COURT:**  I DON'T UNDERSTAND.  THIS SAYS AT

22    LINE 15 -- I GUESS IT STARTS AT 13.

23            "DEFENDANT HAS BREACHED ITS USER AGREEMENT WITH THE

24            PLAINTIFF AND MEMBERS OF THE PLAINTIFF CLASS BY

25            REFUSING TO CONSIDER DOCUMENTATION PROVIDED BY THE

1          PLAINTIFF AND MEMBERS OF THE PLAINTIFF'S CLASS."

2          **MS. SACKS:**  YOUR HONOR, TO ME THAT'S A CONCLUSORY

3    ALLEGATION.

4          **THE COURT:**  THAT COULD BE CONCLUSORY, BUT THAT IS NOT

5    WHAT -- AGAIN, YOU KNOW, MS. SACKS, WE HAVE A LOT OF WORK IN

6    THIS DISTRICT.

7          **MS. SACKS:**  I UNDERSTAND, YOUR HONOR.

8          **THE COURT:**  AND IF YOU WANT TO SAY THAT THERE IS A

9    BALD STATEMENT OF CONCLUSIONS THAT ARE ALLEGED IN THE

10   COMPLAINT RATHER THAN NO ALLEGATIONS, YOU NEED TO BE MORE

11   PRECISE.

12         **MS. SACKS:**  I APOLOGIZE, YOUR HONOR.

13         **THE COURT:**  AGAIN, THIS IS YET, YOU KNOW, ANOTHER

14   HIGHLIGHTED EXAMPLE OF WHAT I WOULD CONSIDER TO BE

15   INAPPROPRIATE BRIEFING BY THE DEFENSE.

16         **MS. SACKS:**  YOUR HONOR, I WILL BE HAPPY TO GO BACK

17   AND CHECK, BUT I BELIEVE THAT WHAT WE SAID WAS SHE DID NOT

18   ALLEGE A SPECIFIC INSTANCE OF PROVIDING DOCUMENTATION THAT WAS

19   NOT CONSIDERED.

20         **THE COURT:**  DON'T MAKE OUR JOB HARDER THAN IT IS.

21         **MS. SACKS:**  CERTAINLY THAT'S NOT OUR INTENT, YOUR

22   HONOR.

23         **THE COURT:**  YOU HAVE.  I'M JUST TELLING YOU.  THE

24   APPROACH THAT YOU'VE TAKEN IS NOT HELPFUL.

25         **MS. SACKS:**  YOUR HONOR --

1        **THE COURT:**  I DON'T WANT TO HEAR IT.  I GET THE LAST

2    WORD.

3       NEXT ISSUE.

4        **MR. FERRIGNO:**  MY TURN, YOUR HONOR?

5        **THE COURT:**  NO.  NEXT ISSUE.

6        **MR. FERRIGNO:**  MISS SACKS.  OKAY.

7        **MS. SACKS:**  COUNSEL SAID SOMETHING ABOUT LANGUAGE IN

8    THE EBAY COMPLAINT.  I'M NOT SURE WHAT HE WAS REFERRING TO,

9    YOUR HONOR.  I THINK THAT YOU WERE REFERRING TO THE EBAY USER

10   AGREEMENT, BUT I WANTED TO MAKE SURE BEFORE I WENT ON ANY

11   FURTHER.

12      HE SAID IT'S NOT JUST LANGUAGE IN THE EBAY COMPLAINT,

13   THERE'S ALSO AN INTRODUCTION TO IT --

14       **MR. FERRIGNO:**  YES.

15       **MS. SACKS:**  -- THAT HAS LANGUAGE.  OKAY.  THANK

16   YOU --

17       **MR. FERRIGNO:**  EBAY, THE INTRODUCTION--

18                (SIMULTANEOUS COLLOQUY.)

19       **MS. SACKS:**  -- I WANTED TO MAKE SURE I UNDERSTOOD.

20       **THE COURT:**  ONE AT A TIME.

21       **MR. FERRIGNO:**  SORRY.

22       **MS. SACKS:**  YOUR HONOR, AS I UNDERSTAND IT,

23   MR. FERRIGNO IS NOW ASKING FOR LEAVE TO AMEND YET AGAIN.

24       **THE COURT:**  WELL, I'LL DECIDE.

25       **MS. SACKS:**  THAT WOULD BE THE --

```
1              THE COURT:  I DON'T NEED TO HEAR ARGUMENT ON IT.

2              MS. SACKS:  THE ONLY REASON I RAISE THAT IS BECAUSE

3      THERE WAS NO REQUEST FOR LEAVE TO AMEND.

4              THE COURT:  I'LL DECIDE.  NEXT.

5              MS. SACKS:  OKAY.

6         I WOULD ALSO IDENTIFY WITH REGARD TO THE REQUEST FOR

7      JUDICIAL NOTICE -- ACTUALLY, MAY I ASK FOR A RULING ON THAT

8      FIRST?  ARE YOU ALLOWING THE REQUEST FOR JUDICIAL NOTICE?

9              THE COURT:  I'M NOT GOING TO GIVE YOU ONE RIGHT NOW.

10             MS. SACKS:  OKAY.  FAIR ENOUGH.

11        WELL, YOUR HONOR, I WOULD THEN, AGAIN, JUST HIGHLIGHT FOR

12     YOUR ATTENTION THE FIRST EXHIBIT TO THE REQUEST FOR JUDICIAL

13     NOTICE.

14        THIS GOES DIRECTLY TO THIS NOTION THAT THE MONEY IS ALWAYS

15     KEPT BY -- I'M GOING TO CALL IT EBAY/PAYPAL BECAUSE THESE TWO

16     THINGS HAVE BEEN CONFLATED SO MUCH THROUGHOUT THE THIRD

17     AMENDED COMPLAINT, I HESITATE TO TRY AND SEPARATE ONE FROM THE

18     OTHER ON THIS ISSUE.

19        THIS IS AN INSTANCE IN WHICH THE FINAL DECISION THAT WAS

20     ISSUED STATES:

21             "THIS CASE WAS DECIDED IN THE BUYER'S FAVOR ALTHOUGH

22             YOU WON'T HAVE TO REIMBURSE YOUR BUYER FOR THIS

23             TRANSACTION."

24        SO THE WHOLE NOTION THAT COMES ACROSS THROUGH THE THIRD

25     AMENDED COMPLAINT, THAT IN ALL INSTANCES EBAY SIMPLY MAKES THE
```

1    DECISION IN FAVOR OF THE BUYER, AND AS A RESULT, THE SELLER IS

2    OUT OF MONEY -- OUT OF THE MONEY FOR -- WHAT IT WAS SUPPOSED

3    TO HAVE RECEIVED FROM THE BUYER IS REFUTED BY ONE OF THE

4    DOCUMENTS THAT THE PLAINTIFF HAS ATTACHED TO THE REQUEST FOR

5    JUDICIAL NOTICE ITSELF.

6              **THE COURT:**  WHAT EXHIBIT IS THAT?

7              **MS. SACKS:**  IT IS EXHIBIT A.  IT'S ATTACHED TO --

8              **THE COURT:**  I HAVE IT NOW.

9              **MS. SACKS:**  -- MR. FRANKLIN'S DECLARATION.  IT'S AT

10   DOCUMENT PAGE 4 OF 51 IN DOCUMENT 51-1.

11             **THE COURT:**  ALL RIGHT.  WHICH OF THOSE PAGES ARE YOU

12   AT?

13             **MS. SACKS:**  IT'S SPECIFICALLY PAGE 4 OF 51.  IT HAS A

14   STAMP AT THE BOTTOM EXHIBIT A.

15             **MR. FERRIGNO:**  THAT PAGE HAS EXHIBIT A ON THE BOTTOM?

16             **MS. SACKS:**  YES.  STAMP ON THE BOTTOM.

17                    (PAUSE IN THE PROCEEDINGS.)

18             **THE COURT:**  OKAY.  NEXT?

19             **MS. SACKS:**  OKAY.  COUNSEL REFERENCED THE INTENTIONAL

20   INTERFERENCE CLAIM.  IF I COULD DIRECT MY COMMENTS TO THAT FOR

21   A MOMENT?

22        THE ESSENCE OF --

23             **THE COURT:**  LET ME JUST MAKE SURE.  MR. FERRIGNO, YOU

24   ARE CONCEDING THAT IT SHOULD BE DISMISSED AS OF -- AS TO

25   PAYPAL, CORRECT?

1          **MR. FERRIGNO:**  YES, YOUR HONOR.

2          **THE COURT:**  ALL RIGHT.  GO AHEAD.

3          **MR. FERRIGNO:**  THAT IS THE ONE THAT WAS THE TYPO.

4          **THE COURT:**  GO AHEAD.

5          **MS. SACKS:**  SO, YOUR HONOR, WITH REGARD TO THE EBAY

6    INTERFERENCE CLAIM:  IN ESSENCE, WHAT I UNDERSTAND PLAINTIFF

7    IS SAYING IS THAT PLAINTIFF HAS A TRANSACTION AS A SELLER WITH

8    A BUYER, AND THAT EBAY, BY ITS QUOTE-UNQUOTE

9    "BUYERS-ALWAYS-RIGHT" POLICY, INTERFERES WITH THAT CONTRACT --

10   AND I GUESS I WOULD POSIT AS A QUESTION, THE BUYER IS THE ONE

11   WHO HAS REPUDIATED THE CONTRACT.  THE BUYER HAS SAID, THIS

12   CONTRACT IS OFF.  I WANT MY MONEY BACK FOR WHATEVER REASON,

13   WHETHER THE PRODUCT DOES NOT CONFORM AS IT WAS PROMISED,

14   WHETHER IT WAS NEVER DELIVERED, WHATEVER THE RATIONALE IS.  SO

15   THE CONTRACT THERE, IN ITS ESSENCE, THE ONE THEY ARE CLAIMING

16   IS BEING INTERFERED WITH IS NOT GOING FORWARD AT THE

17   INITIATION OF EBAY, IT'S THE BUYER WHO HAS SAID, I WANT MY

18   MONEY BACK.

19        SO HOW THEN -- AND, AGAIN, IT'S DONE IN THE CONTEXT WHERE

20   BOTH THE BUYER AND THE SELLER HAVE SAID, AND BY THE WAY, WE

21   ARE GOING TO VEST THE DECISION ABOUT WHO WINS IN EBAY.  SO HOW

22   COULD EBAY, ACTING ON THAT VESTED DISCRETION, BE INTERFERING

23   WITH A CONTRACT?

24        IF ANYTHING, EBAY'S ACTIONS THERE WOULD HAVE TO BE

25   PRIVILEGED.  IT MAY BE OTHER THINGS THAT THE PLAINTIFF WANTS

```
1    TO CLAIM IT TO BE, BUT IT CERTAINLY CAN'T BE INTENTIONAL

2    INTERFERENCE.

3              THE COURT:  RESPONSE?

4              MR. FERRIGNO:  YOUR HONOR, IF I CAN TAKE A QUICK

5    LOOK.

6       WHERE ARE YOU REFERRING TO, COUNSEL, IN THE COMPLAINT?

7    WHAT CAUSE OF ACTION, FIFTH?

8              THE COURT:  FIFTH CAUSE OF ACTION.

9              MR. FERRIGNO:  OKAY.

10             THE COURT:  AND MAINTAIN YOUR COMMENTS TO ME.

11             MR. FERRIGNO:  YES, YOUR HONOR.

12             THE COURT:  I THOUGHT THIS WAS --

13             MR. FERRIGNO:  I THOUGHT IT WAS INTERNATIONAL SALES.

14             THE COURT:  RIGHT.  THAT'S WHAT I THOUGHT.

15             MR. FERRIGNO:  THAT'S WHAT I'M CHECKING, YOUR HONOR,

16   JUST TO MAKE SURE.

17             THE COURT:  I THOUGHT IT RELATED TO THE INTERNATIONAL

18   SALES.

19                  (PAUSE IN THE PROCEEDINGS.)

20      SO IF EBAY IS CANCELING PAYMENT ON INTERNATIONAL SALES,

21   THAT'S WHAT I THOUGHT THE INTERFERENCE WAS REFERENCING.

22             MS. SACKS:  YOUR HONOR, IF I MAY.

23      THE INTENTIONAL INTERFERENCE CLAIM, WHICH IS THE FIFTH

24   CAUSE OF ACTION, INCLUDES AT PARAGRAPH 57:

25             "BY ENFORCING ITS POLICY THAT THE BUYER ALWAYS WINS,
```

1              IRRESPECTIVE OF WHETHER THE BUYER DESERVES TO WIN,

2              THIS CONDUCT ON THE PART OF DEFENDANT EBAY WAS

3              INTENDED TO DISRUPT THE PERFORMANCE OF THE CONTRACT."

4         AND IT GOES ON FROM THERE.  THERE IS ALSO, SEPARATE AND

5    APART, IN THE INTERNATIONAL -- I'M SORRY, INTENTIONAL

6    INTERFERENCE AN ISSUE ABOUT INTERNATIONAL BUYERS.

7         I WAS DIRECTING MYSELF TO THE FIRST THEORY THAT WAS PLED.

8              **MR. FERRIGNO:**  THE -- COUNSEL IS CORRECT, YOUR HONOR.

9              **THE COURT:**  ALL RIGHT.  SO?

10             **MR. FERRIGNO:**  SO, IF THE AGREEMENT BETWEEN THE BUYER

11   AND SELLER IS WE'RE GOING TO PROVIDE CONSIDERATION IN RETURN

12   FOR WHAT YOU HAVE REPRESENTED IS A CERTAIN PRODUCT, AND THE --

13   IF THAT -- INFERENTIALLY IF THE PRODUCT COMPLIES WITH HOW IT

14   IS REPRESENTED, THEN YOU HAVE A SALES TRANSACTION.

15        IN THIS SITUATION, WHETHER IT WAS -- WHEN IT'S NOT --

16   SORRY.  WHEN IT IS AS REPRESENTED, IT INTERFERES -- EBAY

17   INTERFERES WITH THE SALE BY ALWAYS FAVORING THE BUYER.  THE

18   BUYER MAY, AT THE SAME TIME, WANT TO RESCIND FOR FRAUDULENT

19   REASON, BUT AT THE SAME TIME, EBAY IS PARTICIPATING IN THAT

20   PROCESS BY WRONGFULLY APPLYING A STANDARD THAT SAYS THE BUYER

21   ALWAYS WINS EVEN WHEN THERE'S DOCUMENTATION PROVIDED SHOWING

22   OTHERWISE.

23        AND ONE OTHER COMMENT, YOUR HONOR.

24             **THE COURT:**  NO.  JUST HOLD ON.

25             **MR. FERRIGNO:**  OKAY.  I FORGOT SOMETHING IMPORTANT.

```
1              (PAUSE IN THE PROCEEDINGS.)
2         THE COURT:  IN ORDER TO STATE A CLAIM FOR INTENTIONAL
3    INTERFERENCE WITH CONTRACTUAL RELATIONS, UNDER CALIFORNIA
4    SUPREME COURT AUTHORITY, YOU WOULD HAVE TO PROVE THAT THE
5    DEFENDANT INTENDED TO DISRUPT THE PERFORMANCE OF THE CONTRACT.
6         MR. FERRIGNO:  I WANT TO GO TO THAT, YOUR HONOR,
7    BECAUSE WE ALLEGE AT NUMBER --
8         THE COURT:  THE CONTRACT IS THE PURCHASE AND SALE OF
9    AN ITEM, CORRECT?
10        MR. FERRIGNO:  IT'S MORE THAN THAT, YOUR HONOR.
11   THERE'S A NO RETURN PROVISION IN THE AGREEMENTS THAT EBAY
12   INTERFERES WITH.  SO --
13        THE COURT:  THE CONTRACT BETWEEN THE BUYER AND THE
14   SELLER IS FOR THE PURCHASE OF AN ITEM, ISN'T IT?
15        MR. FERRIGNO:  YES, YOUR HONOR.
16        THE COURT:  THAT'S THE FUNDAMENTAL PURPOSE --
17        MR. FERRIGNO:  YES.
18        THE COURT:  -- OF THE TRANSACTION.
19        MR. FERRIGNO:  YES.
20        THE COURT:  SO WHAT CONDUCT DISRUPTS THAT
21   PERFORMANCE?
22        MR. FERRIGNO:  EBAY HAS A PROVISION IN THEIR
23   CONTRACTS WITH THE BUYERS:
24             "IF YOU RECEIVED AN ITEM THAT IS NOT AS DESCRIBED OR
25             DIDN'T RECEIVE AN ITEM AT ALL, EBAY BUYER PROTECTION
```

1              ALWAYS PROTECTS YOU EVEN IF THE SELLER DOES NOT OFFER

2              RETURNS."

3         AND WHAT WE ARE SAYING IS, WHEN WE HAVE AN AGREEMENT WITH

4    A BUYER -- BETWEEN A BUYER -- WITH A BUYER THAT PROVIDES FOR

5    NO RETURNS, EBAY INTERFERES WITH THOSE.

6         AND THAT'S AT PARAGRAPH 63.

7              **THE COURT:**  SO THIS ONLY RELATES TO CONTRACTS THAT

8    HAVE NO RETURN POLICIES?

9              **MR. FERRIGNO:**  THAT'S -- THAT'S -- THAT PARTICULAR

10   PROVISION THERE, YES, YOUR HONOR, JUST FOR THE INTENTIONAL

11   INTERFERENCE.

12             **THE COURT:**  SO THE INTENTIONAL INTERFERENCE IS

13   ONLY -- IS LIMITED THEN TO ONLY THOSE CONTRACTS AND HAVE YOU

14   ALLEGED THAT SHE HAD A NO RETURN POLICY?

15             **MR. FERRIGNO:**  WELL, I THINK WE DO.

16             **THE COURT:**  AND CAN YOU EVEN HAVE IT?

17             **MR. FERRIGNO:**  WHY CAN'T YOU, YOUR HONOR?

18             **THE COURT:**  BECAUSE YOU ARE USING SOMEONE'S OTHER

19   DISTRIBUTION CHANNEL.

20             **MR. FERRIGNO:**  I'M -- I'M NOT SURE HOW TO RESPOND TO

21   THAT.  I DON'T KNOW.

22             **THE COURT:**  WELL, I MEAN, YOU'VE GOT LOTS OF THEORIES

23   HERE.  YOU'RE THROWING EVERYTHING IN WITH THE KITCHEN SINK.

24   SOME MAY SURVIVE AND SOME MAY NOT.

25        WHAT IS THIS ONE?  THAT'S WHAT I'M TRYING TO UNDERSTAND.

1          **MR. FERRIGNO:** THAT ONE IS THAT THERE ARE OCCASIONS

2   WHEN OUR SELLER, THE PLAINTIFF, AND MANY OTHER PLAINTIFFS HAVE

3   NO RETURN POLICIES.

4          **THE COURT:** WHERE IS THE NO RETURN POLICY ALLEGED IN

5   THE COMPLAINT?

6          **MR. FERRIGNO:** WELL, WE SAID HERE --

7          **THE COURT:** GIVE ME A PARAGRAPH.

8          **MR. FERRIGNO:** THAT'S PARAGRAPH 63.

9          "THUS, EBAY ALLOWS AND PROMOTES BUYERS IN BREACHING

10         THEIR AGREEMENTS WITH SELLERS BY BREACHING THE NO

11         RETURN PROVISION OF THE AGREEMENT.  THE EFFECT IS

12         THAT DEFENDANT EBAY, INC. FORCES THE RESCISSION OF

13         THOSE CONTRACTS BETWEEN BUYERS AND SELLERS EVEN

14         THOUGH THE AGREEMENTS WERE ENTERED INTO WITH A

15         NO-RETURN PROVISION."

16     AND THEN:

17     "ON MULTIPLE OCCASIONS" -- FURTHER ON IN PARAGRAPH 63:

18         "THE PLAINTIFF HAS ENTERED INTO CONTRACTS WITH BUYERS

19         WHERE THE PLAINTIFF HAD INSERTED A NO RETURN

20         PROVISION INTO THE AGREEMENT.  NOTWITHSTANDING THE NO

21         RETURN PROVISION, DEFENDANT EBAY, INC. ALLOWED THE

22         BUYER TO RESCIND THOSE AGREEMENTS BY FORCING THE

23         PLAINTIFF TO RETURN THE BUYER'S MONEY.  PLAINTIFF WAS

24         DAMAGED AS A RESULT OF THESE LOST SALES."

25     AND SO THAT'S ONE OF THE INTENTIONAL INTERFERENCE.  THE

1    OTHER ONE IS THE INTERNATIONAL SALES INTERFERENCE.  AND I

2    THINK THERE WAS ONE MORE HERE, YOUR HONOR.

3                    (PAUSE IN THE PROCEEDINGS.)

4        YES, YOUR HONOR.  SORRY.  THERE'S THE ISSUE OF THE NEW

5    TERM THAT INTERFERES WITH THE SELLER'S TOP RATING CATEGORY

6    WHICH ALLOWS HIM BENEFITS WITH EBAY.

7            **THE COURT:**  WELL, UNDER AN INTENTIONAL INTERFERENCE

8    WITH CONTRACT, YOU HAVE TO BE MAKING ALLEGATIONS TO A SPECIFIC

9    CONTRACT.

10           **MR. FERRIGNO:**  SO, YOU WOULD SAY, YOUR HONOR, THAT WE

11   WOULD HAVE TO ALLEGE GIVEN CONTRACTS WHERE THIS HAS HAPPENED

12   BETWEEN THE BUYER AND THE SELLER THAT PROVIDED FOR THE NO

13   RETURN SPECIFICALLY, AND ALLEGE THOSE SPECIFIC INSTANCES WHEN

14   THAT HAPPENED?

15           **THE COURT:**  WELL, HOW ELSE DO YOU GET PASSED THE

16   REQUIREMENTS, THE ELEMENTS OF AN INTERFERENCE WITH CONTRACT?

17           **MR. FERRIGNO:**  BY --

18           **THE COURT:**  I HAVE TO INSTRUCT A JURY ONE DAY IF THIS

19   THING EVER SURVIVES.

20           **MR. FERRIGNO:**  I KNOW, YOUR HONOR, BUT WE WOULDN'T BE

21   GOING ON THE BASIS OF -- AT THAT POINT, YOU ARE GOING ON THE

22   BASIS OF THE JURY INSTRUCTIONS AND THE EVIDENCE THAT IS

23   SECURED THROUGH DISCOVERY AND EVERYTHING ELSE.  YOU MAY HAVE

24   ALSO GONE THROUGH A SUMMARY JUDGMENT CHALLENGE, AND SO FORTH.

25   THIS IS JUST A COMPLAINT SAYING --

1      **THE COURT:**  WELL, THE COMPLAINT STILL HAS TO ALLEGE

2  SPECIFIC ELEMENTS OF SPECIFIC CLAIMS THAT ARE LEGALLY PROVIDED

3  FOR IN THE LAW.

4      **MR. FERRIGNO:**  YES, YOUR HONOR.

5   I THINK WE -- I THINK WE HAVE ALLEGED THAT BECAUSE WE'VE

6  SAID THAT WE INSERTED A NO RETURNS PROVISION IN AGREEMENTS AND

7  EBAY WENT AHEAD ANYWAY AND DID WHAT THEY DID.  IF YOU'RE

8  SAYING --

9              (SIMULTANEOUS COLLOQUY.)

10      **THE COURT:**  I'M TALKING ABOUT THE THIRD THEORY THAT

11  YOU'RE NOW CREATING OR TALKING ABOUT WHICH IS THIS NOTION THAT

12  THE SELLER'S RATING INTERFERES WITH A CONTRACT.

13      **MR. FERRIGNO:**  OH, THE SELLER RATING.

14   WELL, THEY ARE REQUIRING ONE DAY -- EBAY REQUIRES THE

15  SELLER TO SHIP IN ONE DAY.  AND THIS IS AN ADDED ON

16  REQUIREMENT AFTER THE TOP SELLER PROGRAM WAS INSTITUTED.

17   AND SO EVEN THOUGH THE AGREEMENT BETWEEN THE BUYER AND

18  SELLER DOESN'T REQUIRE SHIPPING WITHIN ONE DAY, EBAY IS.  SO

19  EBAY IS IMPOSING ITS OWN CONTRACTUAL TERM IN ORDER FOR

20  PLAINTIFF TO NOW QUALIFY FOR THE CATEGORY TO GET THE

21  ADDITIONAL BENEFITS UNDER THE TOP SELLER PROGRAM.

22   SO THEY ARE INTERFERING WITH THE AGREEMENT BETWEEN THE

23  BUYER AND THE SELLER IN ORDER TO ACCOMPLISH THAT PURPOSE.

24      **THE COURT:**  A THEORETICAL AGREEMENT, RIGHT?

25      **MR. FERRIGNO:**  IT'S NOT THEORETICAL, YOUR HONOR.  WE

1    HAVE AGREEMENTS WITH THESE SELLERS THAT SAY -- THAT DON'T PUT

2    A ONE DAY REQUIREMENT ON SHIPPING.

3         **THE COURT:** THEY DON'T --

4         **MR. FERRIGNO:** NEXT DAY. AND EBAY IS IMPOSING THIS

5    ON ITS SELLERS IN ORDER TO CONTINUE IN THE TOP SELLER

6    CATEGORY.

7         **THE COURT:** HOW ELSE ARE THEY GOING TO COMMUNICATE

8    WITH A BUYER AS TO WHETHER OR NOT SOMEONE CAN SHIP IN A DAY OR

9    NOT SHIP IN A DAY?

10        **MR. FERRIGNO:** HOW ELSE IS WHO GOING TO COMMUNICATE?

11        **THE COURT:** ISN'T THAT THE POINT OF THE RATING?

12        **MR. FERRIGNO:** TO SHIP IN ONE DAY OR NOT?

13        **THE COURT:** YES.

14        **MR. FERRIGNO:** NO, YOUR HONOR. IT WAS NEVER THAT.

15   THEY ADDED THAT. THAT WAS, I THINK, SPECIFICALLY ALLEGED

16   HERE.

17        IN 2013, THEY ADDED THAT PROVISION. AND OUR GUY HAD

18   ALREADY MET ALL OF THE REQUIREMENTS TO HAVE -- TO RECEIVE THE

19   BENEFITS OF A TOP SELLER.

20        **THE COURT:** AGAIN, HOW WOULD YOU EVER --

21        **MR. FERRIGNO:** OUR PLAINTIFF, EXCUSE ME.

22        **THE COURT:** GO AHEAD.

23        **MR. FERRIGNO:** THE NEXT THING I WANTED TO ADDRESS,

24   YOUR HONOR, IS THE ARGUMENT --

25        **THE COURT:** OKAY. GO AHEAD.

1          **MR. FERRIGNO:**  THE ARGUMENT MADE BY THE DEFENDANTS

2   WITH REGARD TO UNCONSCIONABILITY.

3          **THE COURT:**  NO, WE ARE NOT AT UNCONSCIONABILITY.

4      DO YOU HAVE ANYTHING ELSE, MS. SACKS?

5          **MS. SACKS:**  YES, YOUR HONOR, JUST TO CLOSE THE LOOP

6   ON THOSE TWO ISSUES ON INTENTIONAL INTERFERENCE, IF I MAY.

7      FIRST OF ALL, THIS NOTION THAT THE SELLER CAN INTERJECT A

8   NO REFUNDS POLICY:  WHEN THE SELLER ENTERED INTO THE EBAY USER

9   AGREEMENT, THEY WERE INFORMED EXPLICITLY OF EBAY'S REFUND AND

10  RETURN POLICY.  THEY CAN'T TRUMP THAT AND CREATE AN

11  INTERFERENCE BY ADDING IN THEIR OWN NO RETURN POLICY.  THAT'S

12  THE FIRST THING.

13     THE SECOND ISSUE WITH REGARD TO THE SELLER RATING, YOUR

14  HONOR, THIS HAS NOTHING TO DO WITH DISPUTED ISSUES.  IT HAS

15  NOTHING TO DO WITH RETURNS.  IT HAS NOTHING TO DO WITH

16  REFUNDS.  ALL IT HAS TO DO WITH IS WHO IS IDENTIFIED ON EBAY

17  AS A TOP SELLER.  AND THE ONLY PEOPLE WHO GET THERE ARE THE

18  ONES WHO PROMISE THEY WILL DELIVER IN ONE DAY.

19     THIS HAS NOTHING TO DO WITH AN INDIVIDUAL CONTRACT THAT

20  HAS IN ANY WAY BEEN INTERFERED.

21         **THE COURT:**  ALL RIGHT.  MY PATIENCE IS WANING.  WE

22  HAVE BEEN GOING FOR OVER AN HOUR.  YOU HAVE FIVE MINUTES TO

23  WRAP UP.

24         **MR. FERRIGNO:**  OKAY, YOUR HONOR.

25     WELL, THEN, THE ONLY -- THE TWO THINGS I WANT TO TALK

1   ABOUT IN THE LAST -- IN THE FEW MINUTES THAT I HAVE, IS THE

2   UNCONSCIONABILITY ARGUMENT MADE IN THE REPLY BRIEF.

3       DEFENDANTS STATE THAT WE ARE NOT -- WE HAVEN'T ACTUALLY

4   PLED UNCONSCIONABILITY AND, THEREFORE, WE'RE NOT ENTITLED TO

5   CHALLENGE THESE PRACTICES AS UNCONSCIONABLE.

6       AND WE DO SAY IN PARAGRAPH 6 AND 7 THAT THESE ARE ADHESION

7   CONTRACTS.  WITH RESPECT TO THOSE TWO PARAGRAPHS, ONE -- ONE

8   RELATES TO THE PAYPAL AGREEMENT, THE OTHER ONE TO THE EBAY

9   AGREEMENT, WE HAVE PLED ON THE FACE OF IT PROCEDURAL

10  UNCONSCIONABILITY UNDER CALIFORNIA LAW UNDER 1670 POINT

11  WHATEVER IT IS.  FORGIVE ME, YOUR HONOR.  AND THEN THE FACTS

12  SHOULD SPEAK FOR THEMSELVES ON THE BUYERS-ALWAYS-WIN POLICY.

13      THAT'S NOT A SPECIFIC PROVISION, BUT THE FAILURE TO DO THE

14  THINGS THAT WE HAVE NOW SAID ARE UNCONSCIONABLE ARE -- SPEAK

15  FOR THEMSELVES IN THE -- IN THE COMPLAINT.  WE DON'T THINK WE

16  NEED TO SAY THE MAGICAL FORMULAIC WORDS THAT THIS CONSTITUTES

17  SUBSTANTIVE UNCONSCIONABILITY IN ORDER TO PLEAD A CAUSE OF

18  ACTION TO DO THAT.

19      IF YOU THINK THESE PROVISIONS THAT WE'VE CHALLENGED IN THE

20  COMPLAINT ARE INSUFFICIENTLY PLED TO SUPPORT

21  UNCONSCIONABILITY, AND WE CAN ALWAYS AMEND TO INCLUDE THAT.

22      THE OTHER ARGUMENT I WANTED TO TALK ABOUT IS THE BALANCING

23  TEST.  AND DEFENDANTS CITE A VAN -- I THINK A VAN SLYKE SECOND

24  DECISION DEALING WITH THE LOZANO DECISION.  AND THAT IS A

25  DISTRICT COURT DECISION THAT REFUSED TO FOLLOW THE NINTH

1    CIRCUIT'S -- WE FEEL THAT THEY REFUSED TO FOLLOW THE NINTH

2    CIRCUIT DECISION IN LOZANO BY APPLYING THE BALANCING TEST

3    INSTEAD OF THE TEST THAT REQUIRES A TITHING TO SOME

4    CONSTITUTIONAL PROVISION, ET CETERA.

5        SO, WITH RESPECT TO THAT, THAT SECOND DECISION BY THE

6    DISTRICT COURT DOES NOT TRUMP A NINTH CIRCUIT DECISION, NUMBER

7    ONE.  AND NUMBER TWO, ALL IT SAID WAS THAT WE DON'T THINK IT'S

8    NECESSARILY INCONSISTENT WITH LOZANO BECAUSE LOZANO LEFT ROOM

9    FOR BOTH TESTS TO BE APPLIED.

10       SO THAT'S IT FOR ME, YOUR HONOR.  I'LL WRAP IT UP WITH

11   THAT.

12           **MS. SACKS:**  YOUR HONOR, STATING THAT A CONTRACT IS

13   ONE OF ADHESION DOES NOT PLEAD UNCONSCIONABILITY.  IT MIGHT

14   START TO GET YOU THERE ON PROCEDURAL, BUT IT DOESN'T GET YOU

15   ANYWHERE ON SUBSTANTIVE UNCONSCIONABILITY.

16       AND I MAY BE HOISTED ON MY OWN PETARD, BUT WE DID LOOK FOR

17   THE WORD "UNCONSCIONABLE" OR "UNCONSCIONABILITY" IN THE THIRD

18   AMENDED COMPLAINT AND DID NOT SEE IT.  IF I MISSED IT, I STAND

19   CORRECTED.  BUT I DIDN'T HEAR COUNSEL SAY THAT IT EVER

20   APPEARED IN THE THIRD AMENDED COMPLAINT.

21       WITH REGARD TO THE STANDARD FOR THE UNFAIRNESS PRONG, YOUR

22   HONOR, AS WE POINTED OUT IN OUR PAPERS, THERE IS NOWHERE WHERE

23   THE PLAINTIFF HAS ENUMERATED ANY PUBLIC POLICY THAT IS

24   VIOLATED BY ANY OF THE TERMS IN EITHER OF THE USER AGREEMENTS.

25       THIS IS A VERY CLEAR INSTANCE OF A PLAINTIFF VOLUNTARILY

1    ENTERED INTO A CONTRACT WHICH STATED -- IT GAVE DISCLOSURE OF

2    EVERYTHING OF WHICH SHE NOW COMPLAINS.  AND SHE'S WALKING AND

3    SHE'S ASKING THE COURT TO USE THE UNFAIR PRONG OF THE UCL TO

4    REWRITE THE CONTRACT TERMS.  AND THAT IS NOT WHAT THE UCL IS

5    INTENDED TO PREVENT.

6        UNLESS YOU HAVE ANY FURTHER QUESTIONS, YOUR HONOR, WE

7    SUBMIT.

8            **MR. FERRIGNO:**  I WOULD SUBMIT, TOO, YOUR HONOR.

9            **THE COURT:**  SUBMITTED.

10           **MR. FERRIGNO:**  THANK YOU VERY MUCH, YOUR HONOR, FOR

11   LISTENING TO US.

12           **THE COURT:**  THANK YOU.

13               (PROCEEDINGS CONCLUDED AT 3:12 P.M.)

14

15               **CERTIFICATE OF REPORTER**

16       I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE

17   UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

18   CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

19   RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

20

21       _Diane E. Skillman_

22       DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

23       THURSDAY, APRIL 17, 2014

24

25