United States District Court
Northern District of California

1

2

3

4

5

6

7          **UNITED STATES DISTRICT COURT**

8          **NORTHERN DISTRICT OF CALIFORNIA**

9

10

11   **MAGGIE CAMPBELL,** on behalf of herself and      **Case No.: 13-CV-2632 YGR**
     all persons in California similarly situated,
12                                                        **ORDER GRANTING IN PART AND DENYING IN**
                                                          **PART DEFENDANTS' MOTION TO DISMISS**
           Plaintiff,
13                                                        **THIRD AMENDED COMPLAINT**

14         **v.**

15   **EBAY, INC., AND PAYPAL, INC.,**

16         Defendants.

17          Plaintiff Maggie Campbell ("Plaintiff" or "Campbell") brings this putative class action

18   against Defendants eBay, Inc. and PayPal, Inc. ("Defendants") arising from her sales of bicycles

19   and bicycle parts through eBay and associated PayPal account.  Presently before the Court is the

20   Motion of Defendants to Dismiss Campbell's Third Amended Complaint.  (Dkt. No. 45.)

21          The Court previously granted a motion to dismiss the First Amended Complaint with leave

22   to amend.  (Dkt. No. 23.)  As part of that Order, the Court cautioned Plaintiff that she must address

23   in her allegations the nature of the restrictions that are the basis for her complaint and why those

24   restrictions are not part of the agreement she acceded to as part of her user agreement.  (*Id.* at 6.)

25   Plaintiff filed a Second Amended Complaint, as to which Defendants again moved to dismiss.

26   (Dkt. No. 34.)  Plaintiff then sought and was granted leave to file a Third Amended Complaint.

27   (Dkt. No. 43, "TAC").  This motion followed.

28

1    In the present motion, Defendants argue that Plaintiff lacks standing to allege her claims

2 because their contracts with her allow all the conduct alleged.  In addition, Defendants argue that

3 Plaintiff has otherwise failed to allege facts sufficient to state viable claims.

4    Having carefully considered the papers submitted, the arguments of the parties, and the

5 pleadings in this action, and for the reasons set forth below, the Court **ORDERS** that the Motion is

6 **GRANTED IN PART AND DENIED IN PART** as stated herein.[1]

7 **I.    DISCUSSION**

8    Plaintiff's TAC alleged seven claims for relief against Defendants, including breach of

9 contract, invasion of privacy, breach of fiduciary duty (against PayPal only), interference with

10 contract, violation of California's Unfair Competition Law ("UCL," California Business &

11 Professions Code § 17200 *et seq.*) on account of unfair business practices, and fraud.  Plaintiff

12 concedes that the claim for fraud should be dismissed in its entirety, and the interference with

13 contract claim should be dismissed as to PayPal.  Further, Plaintiff made no opposition to

14 Defendants' arguments that the claim for invasion of privacy was not sufficiently alleged against

15 them.  Therefore, the motion to dismiss is **GRANTED AS UNOPPOSED** as to the third and seventh

16 claims as against all Defendants, and the fifth claim for interference with contract as against

17 Defendant PayPal.

18    **A.    First Claim: Breach of Contract against PayPal**

19    The TAC alleges that there are "many occasions" when PayPal has refunded money to a

20 buyer initiating a request to return/refund a product without requiring the buyer to return the

21 product to Plaintiff, the seller.  Plaintiff alleges that "the policies and the user agreement of [PayPal

22 provide that] when a buyer refuses to return the product back to the seller, the seller is not required

23 to issue a refund."  (TAC ¶ 20.)  Plaintiff alleges a particular instance in which she sold and

24 shipped products to a buyer in Tennessee valued at $300, and PayPal thereafter refunded the money

25 to the buyer based only on the buyer's complaint that that he had not authorized payment.  (TAC ¶

26

27    [1] Defendants' also seek an order for attorneys' fees and costs pursuant to 28 U.S.C. § 1927
(permitting an order of costs directed against an attorney who "so multiplies the proceedings in any
28 case unreasonably and vexatiously").  This request is **DENIED**.

United States District Court
Northern District of California

21.)  Although not alleged in the TAC, Plaintiff argues in opposition that the agreement places an

obligation on PayPal to require buyers to return items back to seller if they complain that they are

"significantly not as described" (SNAD) citing sections 10.1.b, 13.4, and 13.5 of the PayPal

Agreement.  (TAC, Exh. A, "PayPal Agreement.")

Plaintiff's claim for breach of the Agreement is insufficiently alleged.  The TAC itself does

not allege which portions of the Agreement were breached on account of the alleged conduct.

Moreover, the sections cited by Plaintiff in opposition only undermine her claim, as they

demonstrate that sellers like Plaintiff agreed to these terms:

> If you are a Seller and PayPal makes a final decision that you lose a Claim filed
> directly with PayPal, you will be required to reimburse PayPal for your liability.
> Your liability will include the full purchase price of the item plus the original
> shipping costs (and *in some cases you may not receive the item back*)…Further, if
> you lose a SNAD [Significantly Not As Described] Claim because we, in our sole
> discretion, reasonably believe the item you sold is counterfeit, you will be
> required to provide a full refund to the buyer and you will not receive the item
> back (it will be destroyed).

(PayPal Agreement § 10.1.b [emphasis supplied])[2]  Thus, the PayPal Agreement itself notifies

sellers that PayPal may require them to refund sales proceeds without requiring the buyer to return

the item sold.  In order to state a claim for breach of contract, Plaintiff would have to plead around

these provisions in the PayPal Agreement.  Having failed to offer sufficient allegations to state this

breach of contract claim in the fourth iteration of her complaint, the motion to dismiss the first

claim is **GRANTED WITHOUT LEAVE TO AMEND**.

### B.    Second Claim: Breach of Contract/Covenant of Good Faith and Fair Dealing Against eBay

Plaintiff's second claim alleges breach of contract and the implied covenant of good faith

and fair dealing by Defendant eBay in three areas.  First, Plaintiff states that Defendant eBay has,

on numerous occasions, refused to credit Final Value Fees associated with sales that were rescinded

---

[2]  Sections 13.4 and 13.5 of the PayPal Agreement are of no greater assistance to Plaintiff as
they concern protections for buyers and inform those buyers that "[f]or Significantly Not as
Described (SNAD) Claims, PayPal *may* require you, at your expense, to ship the item back to the
Seller." (*Id*., § 13.5 (emphasis added).)

United States District Court
Northern District of California

1     at the insistence of eBay.  Plaintiff alleges that, under the Buyer Protection Policy[3] in the eBay User

2     Agreement, when a sales agreement is rescinded between a buyer and seller, eBay is required to

3     credit back the Final Value Fee to the seller for that sales transaction.  Second, Plaintiff claims

4     instances in which eBay refused to allow PayPal to accept payment from international buyers of her

5     products, thereby rescinding the sales.  Third, Plaintiff asserts that, under its Buyer Protection

6     Policy, eBay always decides disputes in favor of buyers, rather than fairly investigating the facts of

7     the claim or dispute or taking into account evidence offered by sellers like Plaintiff.  Detailing a

8     number of specific instances, Plaintiff alleges that eBay has breached the implied covenant of good

9     faith and fair dealing by failing to investigate the facts of the disputes/claims and has decided in

10    favor of dishonest, deceptive buyers.  Based on this conduct, Plaintiff alleges that eBay has

11    breached the covenant of good faith and fair dealing implied by law in its user agreement.  (TAC ¶¶

12    24-32.)

13           Defendants argue in opposition that the agreements to which Plaintiff acquiesced preclude

14    her claims.  Defendants point out that the eBay Buyer Protection Policy gives eBay the discretion to

15    determine which party will prevail in the case of a dispute between buyer and seller, and provides

16    that "[f]or cases in which a determination is made against the seller by eBay (a seller unresolved

17    case), the seller will not receive a refund of his or her PayPal or eBay fees associated with the

18    transaction."  (Defendants' Request for Judicial Notice, Exh. A, at 4.)  Defendants further argue

19    that Plaintiff agreed that PayPal may "limit the Payment Methods available for a transaction"

20    (PayPal Agreement, § 3.4), and thereby relinquished her right to complain if PayPal did so with

21    respect to the alleged international sales, even if the limit was at eBay's request.

22           Defendants' arguments miss the point of the allegations of this claim.  Though the TAC is

23    not a model of clarity, it states eBay's alleged unfair conduct in the exercise of its discretion under

24           [3] Defendants submit the referenced Buyer Protection Policy as part of their Request for
25    Judicial Notice.  Judicial notice of this document in connection with the motion to dismiss is proper
      since the policy is referenced in Plaintiff's TAC and its authenticity is not in dispute.  *Swartz v.*
26    *KPMG,* 476 F.3d 756, 763 (9th Cir. 2007).  Defendants' Request for Judicial Notice is **GRANTED**.
      However, Plaintiff's Request for Judicial Notice, as part of her opposition, improperly attempts to
27    interject evidentiary issues into the motion to dismiss.  Plaintiff seeks judicial notice of Plaintiff's
      Request for Judicial Notice is **DENIED**.  The documents do not bear on the sufficiency of Plaintiff's
28    allegations.

4

its agreements with Plaintiff and other sellers.  While the Court agrees that the implied covenant of good faith and fair dealing does not "prohibit a party from doing that which is expressly permitted by an agreement," it does prohibit a party vested with discretion from exercising that discretion in a manner that is "contrary to the contract's purposes and the parties' legitimate expectations." *Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 347, 373 (1992).  Plaintiff has sufficiently stated a breach of the implied covenant of good faith and fair dealing based upon the conduct alleged.  The motion to dismiss this claim is **DENIED**.

### C.      Fourth Claim: Breach of Fiduciary Duty against PayPal

Plaintiff alleges that PayPal is her and other eBay sellers' agent with respect to custody of their funds.  Plaintiff alleges that PayPal breached its fiduciary duties arising from that agent relationship when it: (1) wrongfully refunded buyers even though their claims were fraudulent; (2) exercised its discretion to place holds on funds in an arbitrary manner, even when there was not a high risk transaction; (3) took interest off the pooled money in sellers accounts for itself by means of an unconscionable contract provision, section 5.2; and (4) refused to terminate services of eBay-recommended third party vendors when requested, ignoring requests to stop payments.  (TAC ¶¶ 45-57.)

With respect to the wrongful refunds issue, these allegations fail to state a fiduciary duty claim against PayPal for the same reasons as stated as to the breach of contract claim, above. Similarly, with respect to the alleged refusal to terminate their party vendor payments, the PayPal Agreement provides a specific process for cancelling a preapproved payment (PayPal Agreement § 3.8(b)) and the TAC does not allege that Plaintiff complied with that process.  Further, the agreement expressly permitted PayPal to take the interest from the pooled accounts "[i]n consideration of [sellers'] use of the Pay Pal Services." (PayPal Agreement, § 5.2.)  Regardless of whether other terms in the agreement provide compensation to PayPal, the agreement categorizes this money as consideration for the use of the service.  These allegations are not sufficient to state a claim for breach of fiduciary duty.

However, Plaintiff's allegations concerning holds on funds implemented in an arbitrary manner is sufficient to state a claim.  While the PayPal Agreement permits PayPal to put a hold on

United States District Court
Northern District of California

5

1  funds when a dispute is filed against a seller or when a high level of risk is associated with an

2  account or transaction (PayPal Agreement, §§ 10.1(c), 10.4(b), 10.5), Plaintiff alleges that PayPal's

3  holds were arbitrary and unjustified.  Again, where an agreement gives a party discretion, that

4  discretion must be exercised in a reasonable, non-arbitrary manner.  *Carma*, 2 Cal. 4th at 373.

5  　　　The Court therefore **DENIES** the Motion to Dismiss to the extent it is based upon alleged

6  arbitrary holds and reserves and the **GRANTS** the Motion to Dismiss as to all other grounds pleaded

7  for this claim.

8  　　　**D.　　Fifth Claim: Interference with Contract Against eBay**

9  　　　To state an intentional interference claim, Campbell must allege (1) a valid contract

10 between plaintiff and a third party; (2) Defendants' knowledge of the contract; (3) Defendants'

11 intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual

12 breach or disruption of the contractual relationship; and (5) resulting damage. *Tuchscher Dev.*

13 *Enters., Inc. v. San Diego Unified Port Dist.,* 106 Cal. App. 4th 1219, 1239 (2003).

14 　　　Plaintiff's claim for interference with contract alleges that eBay interfered with sales in a

15 variety of ways: (1) eBay wrongfully caused sales to be rescinded by always favoring buyers and

16 refunding their payments under eBay's dispute resolution process; (2) as a consequence of eBay's

17 policy of favoring buyers, eBay caused Plaintiff's seller ratings to be skewed unfairly, which

18 resulted in further loss of sales and other adverse consequences; (3) eBay permitted buyers to get

19 refunds despite seller offers that stated "all sales final, no returns;" (4) eBay ordered PayPal not to

20 accept payments from international sellers in certain instances.

21 　　　The Court agrees with Defendants that Plaintiff's acceptance of eBay's dispute resolution

22 policy means that she cannot now complain that she should have been able to insert a "no returns"

23 term in her sales contracts that contradicted that policy.  However, her claims that eBay does not

24 consider sellers' evidence, always resolves disputes in favor of the buyer, and unfairly orders

25 PayPal not to accept payments from international sellers would, if proven, support a claim for

26 intentional interference with contract.  Defendants' argument that, by agreeing to allow eBay and/or

27 discretion in these areas Plaintiff "relinquished her right to complaint" if that discretion was

28

United States District Court
Northern District of California

6

exercised arbitrarily or without ever taking into account sellers' evidence, is without merit.  The motion to dismiss this claim is **DENIED**.

### E.  Sixth Claim: Violation of the UCL's Unfairness Prong Against eBay and PayPal

In her claim that eBay and PayPal have violated the UCL's unfairness prong, Plaintiff incorporates the conduct alleged in her other claims and adds three other bases for the alleged violation: (1) eBay's change in policy adding shipping costs to the calculation of Final Value Fees assessed against sellers; (2) eBay's change to its requirements for being a "top-rated seller," and therefore getting a 20% reduction in Final Value Fees, which set a standard that was impossible for Plaintiff and other sellers to meet; and (3) eBay's and PayPal's enforcement of Paragraph 1.3 of the PayPal Agreement by limiting, suspending, or terminating user accounts with the effect that Plaintiff and other sellers are precluded from conducting internet sales outside of eBay.

As to these three enumerated bases, the Court agrees with Defendants that these allegations describe contract terms as to which Plaintiff agreed, which preclude her claims of unfairness.  The motion to dismiss the claim on these grounds is **GRANTED**.  However, to the extent that the UCL claim is based upon unfair exercise of discretion by eBay—in its alleged, *de facto* "buyer is always right" policy and its orders to PayPal not to accept certain international buyers' payments— and by PayPal in its arbitrary holds and reserves, the claim is sufficiently stated, and the motion is **DENIED**.

## II.  CONCLUSION

Based upon the foregoing, the Court **ORDERS**:

- the Motion to Dismiss the First Claim for Breach of Contract against PayPal is **GRANTED WITHOUT LEAVE TO AMEND**;

- the Motion to Dismiss the Second Claim for Breach of Contract/Covenant of Good Faith and Fair Dealing Against eBay is **DENIED**;

- the Motion to Dismiss the Third Claim for invasion of privacy against PayPal and eBay is **GRANTED WITHOUT LEAVE TO AMEND AS UNOPPOSED**;

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1

- the Motion to Dismiss the Fourth Claim for Breach of Fiduciary Duty against PayPal is **DENIED** to the extent the claim is based upon alleged arbitrary holds and reserves but **GRANTED WITHOUT LEAVE TO AMEND** as to all other grounds pleaded for this claim;
- the Motion to Dismiss the Fifth Claim for Interference with Contract is **DENIED** as to Defendant eBay and **GRANTED WITHOUT LEAVE TO AMEND AS UNOPPOSED** as to Defendant PayPal;
- the Motion to Dismiss the Sixth Claim for violation of the UCL's unfairness prong is **GRANTED WITHOUT LEAVE TO AMEND** to the extent the claim is based upon: (1) eBay's change in policy adding shipping costs to the calculation of Final Value Fees assessed against sellers; (2) eBay's change to its requirements for being a "top-rated seller," and therefore getting a 20% reduction in Final Value Fees, which set a standard that was impossible for Plaintiff and other sellers to meet; and (3) eBay's and PayPal's enforcement of Paragraph 1.3 of the PayPal Agreement by limiting, suspending, or terminating user accounts with the effect that Plaintiff and other sellers are precluded from conducting internet sales outside of eBay; and **DENIED** to the extent based upon alleged arbitrary conduct by eBay—in its *de facto* "buyer is always right" policy and its orders to PayPal not to accept certain international buyers' payments— and by PayPal with respect to holds and reserves;
- the Motion to Dismiss the Seventh Claim for fraud as against both defendants is **GRANTED WITHOUT LEAVE TO AMEND AS UNOPPOSED.**

In light of the above rulings, Plaintiff shall file a final operative complaint, to be captioned "Fourth Amended Complaint," within **fourteen (14) days** of this Order.  The Fourth Amended Complaint will delete the dismissed claims and allege only those claims and allegations as to which the motion to dismiss was denied.  No other amendments of the complaint are permitted absent leave of Court.  Defendants shall then file their answer to the remaining claims within **fourteen (14) days** thereafter.  The case management conference currently set for August 25, 2014, is **CONTINUED** to **October 27, 2014,** at 2:00 p.m. in Courtroom 1.

United States District Court
Northern District of California

1          The parties' Stipulation Regarding Joint Case Management Statement (Dkt. No. 64) is

2   **GRANTED**.  The deadline for submitting an ADR certification is **CONTINUED** in accordance with

3   the new case management conference date.

4          This Order terminates Docket Nos. 45 and 65.

5          **IT IS SO ORDERED**.

6   Date: August 11, 2014

7                                                  **YVONNE GONZALEZ ROGERS**
                                                   **UNITED STATES DISTRICT COURT JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28