UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAGGIE CAMPBELL**,<br><br>        Plaintiff,<br><br>    v.<br><br>**EBAY, INC., ET AL.**,<br><br>        Defendants. | Case No. 13-cv-02632-YGR<br><br>**ORDER DENYING MOTION TO ADD SIX PUTATIVE CLASS MEMBERS AS NAMED PLAINTIFF PARTIES; REQUEST TO APPEAR BY TELEPHONE AT CASE MANAGEMENT CONFERENCE; PETITION FOR ORDER TO SHOW CAUSE; OVERRULING OBJECTIONS TO CASE MANAGEMENT STATEMENT AND TO STIPULATION SELECTING MEDIATION**<br><br>Re: Dkt. Nos. 70, 84, 94, 80, 100 |

Third parties to this action, Reginald Burgess, Lacy Reintsma, Caleb Reintsma, Amy Rickel, Fred Rickel, and Colette Tapia (hereinafter, collectively, "Third Parties") filed their Motion to Add Six Putative Class Members As Named Plaintiff Parties on September 29, 2014. (Dkt. No. 70, "Motion to Add.") Plaintiff Maggie Campbell filed her opposition to the motion on October 14, 2014, as did Defendants eBay and PayPal. (Dkt. Nos. 86 and 87.)

The Court has determined that the Motion to Add is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78, and accordingly **VACATES** the hearing set for **October 28, 2014, at 2:00 p.m.**

Having carefully reviewed the parties' briefs in favor of and opposing the motion, and for the reasons stated herein, the Court **DENIES** the Motion to Add. Third Parties have not established a legal basis for permitting them to join this action as named plaintiffs.

**I.   MOTION TO ADD**

In their Motion to Add, Third Parties argue that they are putative members of the class alleged herein, and the Court should order that they be joined in the action as named plaintiffs.

They contend that they have suffered the same "interference tort" as alleged in the complaint in "Cause of Action 4" which the Court "allowed to move forward in its order of August 11, 2014." (Dkt. No. 70 at 2:3-6, 3:25-27.)[1] In their motion, Third Parties specifically disclaim that they are seeking to intervene under Rule 24. (Dkt. No. 70 at 4:1-2, 9:12-14, 10:18-19.) Instead, they argue that they should be permitted to join the action as named plaintiffs under Rules 19 and 20 of the Federal Rules of Civil Procedure. They argue that the Court cannot certify a class or order complete relief to the class without their examples of commonality of interference by defendants. In part they argue that they "bring a better complaint" and Campbell's Fourth Amended Complaint "remains defectively drafted to [*sic*] California law." (*Id.* at 6:5-9.)[2]

In their reply, Third Parties changed course and argued that the Court "is free to interpret Dkt 70 as one in Intervention" under Rule 24(a)(2). It is improper to offer a new basis for the motion for the first time on reply. Nevertheless, the Court addresses joinder under Rule 19 and 20 first, and then turns to whether Third Parties have established a basis for intervention under Rule 24.

### A.   Joinder Under Rules 19 and 20

Under the Federal Rules of Civil Procedure, two types of joinder exist: required joinder under Rule 19 and permissive joinder under Rule 20. Rule 19 requires parties before the court, who "presumably know better than anyone else the nature and scope of relief sought in the action, and at whose expense such relief might be granted ... , [the] burden of bringing in additional parties where such a step is indicated" in order to protect those non-parties' interests. *Martin v. Wilks*, 490 U.S. 755, 765 (1989). Joinder under Rule 19 is required where failure to join the non-party may prevent the court from according complete relief among existing parties, or the non-party "claims an interest relating to the subject of the action and is so situated that disposing of the

---

[1] Third Parties presumably meant to reference the *Third* Cause of Action for Intentional Interference with Contractual Relations against Defendant eBay, Inc., as stated in Campbell's Fourth Amended Complaint, filed August 20, 2014. (Dkt. No. 67.)

[2] The Court notes that some of the same Third Parties moving here have filed motions also (filed by counsel for Third Parties here, Garrett Skelly) seeking to intervene in putative class actions against PayPal and eBay. (*See Fernando v. eBay, et al.*, 10-cv-1668 SBA, at Dkt. No.158; *Zepeda v. PayPal, Inc.,* 10-cv-2500 SBA at Dkt. No. 224.) Those motions were denied.

action in the person's absence may: (*i*) as a practical matter impair or impede the person's ability to protect the interest; or (*ii*) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19. Permissive joinder under Rule 20 is appropriate where non-parties assert a claim arising out of the same transaction or occurrence and share with the existing plaintiffs common questions of law and fact. Fed. R. Civ. P. 20.

The Court finds no basis in Rules 19 or 20 to allow Third Parties to be added to the complaint as named plaintiffs in this putative class action. First, no party to this action has sought to join the Third Parties here, making the procedural mechanism of joinder improper. *See Thompson v. Boggs*, 33 F.3d 847, 858 n.10 (7th Cir. 1994) (court was unaware of any case where "a court granted a motion to join made by a non-party to the lawsuit" and that "the proper course of action would be a motion to intervene under" Rule 24); *see also* Schwarzer, Tashima & Wagstaffe, FED. CIV. P. BEFORE TRIAL § 7:165 (Rutter Group 2014) ("Nonparties may be joined as parties to an existing action under appropriate pleadings filed by those already parties… [b]ut this procedure cannot be utilized by an outsider. Nonparties must seek leave to intervene under" Rule 24). Second, and as set forth more fully in connection with the Court's discussion of Rule 24 below, the common issues and risk of impairing non-parties' interests factors needed to support joinder under Rule 19 or Rule 20 have not been shown.[3]

Third Parties cite no other authority addressing the propriety of allowing third party putative class members join in a class complaint as named plaintiffs, and to amend the existing

---

[3] In their motion, Third Parties rely on a statement in the Supreme Court's decision in S*tandard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013) to argue that their motion is proper. The portion they rely on states that "another class member could intervene with an amended complaint (without a stipulation), and the District Court might permit the action to proceed with a new representative." *Id.* at 1349 (citing 5 A. Conte & H. Newberg, Class Actions § 16:7, p. 154 (4th ed. 2002) ["[M]embers of a class have a right to intervene if their interests are not adequately represented by existing parties"]).
First, the statement concerns intervention, not joinder. Second, the statement was dicta. The Supreme Court cited this section of the Newberg treatise in the context of deciding the appropriate facts to consider in connection with jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *Id.* The correct procedures for intervention or joinder by a third party were not at issue.

complaint to add new and different claims, particularly over the objection of the existing parties to the action. Consequently, the Motion to Add under Rules 19 and 20 must be denied.

### B. Intervention Under Rule 24

Intervention is a procedure by which a nonparty can gain party status without the consent of the original parties. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009). Two types of intervention exist: intervention as of right and permissive intervention. Intervention exists as a matter of right when a federal statute confers the right to intervene or the applicant has a legally protected interest that may be impaired by disposition of the pending action and that is not represented adequately by existing parties. Fed. R. Civ. P. 24(a). Permissive intervention may be allowed at a court's discretion when a federal statute confers a conditional right to intervene, or the applicant's claim or defense and the main action share a common question of law or fact. Fed. R. Civ. P. 24(b).

Courts in the Ninth Circuit apply a four-part test to determine whether intervention should be granted as a matter of right: (1) the applicant must assert a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (2) the applicant's interest must be represented inadequately by the parties to the action; (3) disposition of the action without intervention may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's motion must be timely. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997). Failure to satisfy any one of these requirements is fatal to the application, and a court need not reach the remaining elements if one of the elements is not satisfied. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). A motion may also be denied depending upon the stage of the proceedings at which an applicant seeks to intervene. *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 2007).

The Court finds that Third Parties have not established the requirements to intervene as a matter of right. First, the interests they claim in their motion and supporting papers are not the same as those involved in the instant action. In the motion, Third Parties assert that they are "all harmed in tort as plaintiffs complaint alleges in Cause of Action 4" without further elaboration.

(Dkt. No. 70 at 2:3-5.) However, the Court's review of the proposed amended complaint submitted with their counsel's declaration demonstrates that the nature of the allegations Third Parties wish to assert departs significantly from the allegations stated by Campbell's complaint. (*See* "Declaration of Garrett Skelly 'Red-Line' Version of Proposed Fifth Amended Complaint re: Dkt 70," Dkt. No. 82, Exh. C.) Third Parties' allegations center on two main contentions: (1) eBay and PayPal, "by an unlawful contract using 'policies' contrary to state laws, in concert engage in a practice of shutting down Plaintiffs' online stores and interfering in their businesses efforts" (*see id.* at ¶ 7); and (2) PayPal is acting in violation of the "Electronic Funds Transfer Act" and the settlement in *Comb v. PayPal, Inc.* (*see id.* at ¶ 246 *et seq.*). Third Parties' factual allegations all concern matters very different from those alleged by Campbell. Third Parties' desire to "draft a better complaint and expand the class nationwide" does not suffice to establish an interest that is the subject of the instant action.

As a consequence, Third Parties also have not established the second and third factors for intervention. Because the interests they assert in connection with the instant motion differ from those at issue in this litigation, they have not shown that their asserted interests may be impaired or impeded by disposition of the pending action, or that their interests are being represented inadequately. Moreover, to the extent that Third Parties may have interests in common with the class alleged by Campbell, they have other means to protect those interests. Should any class be certified here, Third Parties may opt out of class to preserve their right to assert their own claims as they wish. *Cf. Alaniz v. California Processors, Inc.*, 73 F.R.D. 269, 289 (N.D. Cal. 1976) (denying intervention where proposed intervenors "as potential members of the class, undoubtedly may claim an interest in the subject matter of the action…[but are] not so situated that the disposition of this action may, as a practical matter, impair or impede their ability to protect their interests" and they had been given ample opportunity to opt out or present objections); *Alaniz v. California Processors, Inc.*, 73 F.R.D. 289, 294 (N.D.Cal.1976) (denying intervention where purported intervenors had notice, opportunity to opt out or present objections, and were adequately represented by the parties to the litigation).

In sum, Third Parties have not established that they should be permitted to intervene in this action as of right. Further, and for the same reasons, the Court finds no basis for granting permissive intervention under Rule 24(b) either.

Based upon the foregoing, the Motion to Add is **DENIED**.

## II. RULINGS ON ADDITIONAL REQUESTS FILED BY THIRD PARTIES

In light of the above rulings, Third Parties have no basis to appear in this action. It follows that:

(1) Third Parties' Request to Appear by Telephone at the Case Management Conference (Dkt. No. 84) scheduled for October 27, 2014, is **DENIED**;

(2) Third Parties' Petition for Order to Show Cause re: Fourth Cause of Action (Dkt. No. 94) is likewise **DENIED**;

(3) Third Parties' objections to the filing of a joint case management statement (Dkt. No. 80) and a stipulation selecting a form of ADR (Dkt. No. 100) are **OVERRULED**.

**IT IS SO ORDERED.**

Dated:   October 24, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT**