| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |
| 3 | BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE |
| 4 | MAGGIE CAMPBELL, ON BEHALF OF |
| | HERSELF AND ALL PERSONS IN |
| 5 | CALIFORNIA SIMILARLY SITUATED, |
| 6 | PLAINTIFF, |
| 7 | VS.                                      NO. C-13-2632 YGR |
| 8 | EBAY, INC., AND PAYPAL, INC.,    PAGES 1 - 19 |
| 9 | DEFENDANTS. |
| | _____ |
| 10 | |
| | OAKLAND, CALIFORNIA |
| 11 | MONDAY, OCTOBER 27, 2014 |
| 12 | TRANSCRIPT OF PROCEEDINGS |
| 13 | |
| 14 | APPEARANCES: |
| 15 | **FOR THE PLAINTIFF:** |
| | **ANTHONY A. FERRIGNO, ESQUIRE** |
| 16 | 1116 INGLESIDE AVENUE |
| | ATHENS, TENNESSEE 37303 |
| 17 | |
| 18 | **FOR THE DEFENDANTS:** |
| | **JENNER & BLOCK, LLP** |
| 19 | 633 WEST 5TH STREET |
| | SUITE 3600 |
| 20 | LOS ANGELES, CALIFORNIA 90071-2091 |
| | **BY:   KENNETH K. LEE, ESQUIRE** |
| 21 | |
| 22 | REPORTED BY:   KATHERINE WYATT, CSR, RPR, RMR |
| | PRO TEM REPORTER, USDC |
| 23 | COMPUTERIZED TRANSCRIPTION BY ECLIPSE |
| 24 | |
| 25 | |

```
 1
 2   OCTOBER 27, 2014                              2:00 O'CLOCK P.M.
 3
 4                       P R O C E E D I N G S
 5           THE CLERK:  WE'LL DO THE CAMPBELL VERSUS EBAY.
 6           CALLING CIVIL ACTION 13- 2632, CAMPBELL VERSUS EBAY.
 7           COUNSEL, PLEASE COME FORWARD, AND STATE YOUR AND
 8   APPEARANCES.
 9           MR. FERRIGNO:  GOOD AFTERNOON, YOUR HONOR.  ANTHONY
10   FERRIGNO FOR THE PLAINTIFFS OR PLAINTIFF.
11           MR. LEE:  GOOD AFTERNOON, YOUR HONOR.  KENNETH LEE ON
12   BEHALF OF DEFENDANTS EBAY AND PAYPAL.
13           THE COURT:  ALL RIGHT.  GOOD AFTERNOON, GENTLEMEN.
14   WE'VE HAD A LOT OF LITIGATION IN THIS CASE, BUT I CAN'T
15   REMEMBER WHETHER YOU'VE EVER BEEN TO A CMC.
16           MR. FERRIGNO:  WE HAVEN'T, YOUR HONOR.  THIS IS THE
17   VERY FIRST.  WE HAD SEVERAL DISMISSAL MOTIONS THAT WERE
18   LITIGATED.
19           THE COURT:  OKAY.  SO I'M GOING TO MAKE JUST, THEN, A
20   FEW PRELIMINARY COMMENTS.  AND THIS WILL APPLY TO EVERYBODY IN
21   THE COURTROOM, SO PAY ATTENTION, BECAUSE I DON'T WANT TO WASTE
22   YOUR TIME AND SAY IT TWICE.
23           SO, IN GENERAL, YOU WILL ALL GET SOME SET OF DATES
24   TODAY.  THEY WILL VARY DEPENDING ON, OBVIOUSLY, THE KINDS AND
25   NATURE OF YOUR CASE.  IF YOU ARE CALLED BACK TO COURT FOR OTHER
```

1  CMC CONFERENCES OR CASE MANAGEMENT CONFERENCES, PLEASE NOTE
2  THAT THE LOCAL RULES REQUIRE THAT YOU FILE AN UPDATED CASE
3  MANAGEMENT CONFERENCE STATEMENT.
4          THEY ARE DUE FIVE DAYS PRIOR.  AND THAT MEANS MY
5  CONFERENCES ARE ALWAYS ON MONDAY AT 2:00 P.M. BECAUSE MY TRIAL
6  DAY STOPS AT 1:30.
7          AND IF THEY ARE DUE FIVE DAYS PRIOR, OBVIOUSLY IT'S
8  THE MONDAY PRIOR, GENERALLY SPEAKING.  I LOOK AT THOSE ON
9  TUESDAY.  SO IF IT'S NOT THERE YOU CAN EXPECT TO GET AN ORDER
10 TO SHOW CAUSE WHY YOU SHOULDN'T BE SANCTIONED FOR FAILING TO
11 COMPLY WITH THE RULES.  AND YOU WILL LIKELY GET KICKED BECAUSE
12 I LIKE TO BE PREPARED FOR MY CONFERENCES.  SO MAKE SURE YOU
13 FOLLOW THAT RULE.
14         NEXT, WITH RESPECT TO DISCOVERY I HAVE A HYBRID MODEL
15 SO I WILL SOMETIMES KEEP DISCOVERY, SOMETIMES I DON'T.  I
16 FREQUENTLY KEEP IT IF I THINK THAT I CAN RESOLVE IT VERY
17 QUICKLY FOR YOU.  AND IF I BELIEVE THAT I AM GETTING A DISPUTE
18 THAT IS REALLY JUST GAMES PLAYING, WHAT I WILL FREQUENTLY DO IS
19 ORDER TRIAL COUNSEL, LEAD COUNSEL TO SHOW UP IN MY COURTROOM
20 AND EXPLAIN TO ME WHY IT IS THAT I HAVE TO TAKE TIME AWAY FROM
21 MY OTHER 300 CASES TO DEAL WITH UNPROFESSIONAL CONDUCT OR SOME
22 OTHER LIKE THING.
23         IF THERE ARE, YOU KNOW, REASONABLE GOOD FAITH
24 DISPUTES THAT, LET'S SAY, DEAL WITH ATTORNEY/CLIENT PRIVILEGE
25 OR WORK PRODUCT PRIVILEGE, THOSE THINGS WHERE SOMEONE REALLY

1   NEEDS TO GET INTO THE NITTY-GRITTY OF YOUR DOCUMENTS AND FIGURE
2   OUT WHAT THE APPROPRIATE RESULT IS, FREQUENTLY I SEND THOSE TO
3   MAGISTRATE JUDGES BECAUSE I DON'T HAVE THE TIME OR THE
4   RESOURCES TO GET INTO THAT KIND OF NITTY-GRITTY DETAIL.
5           I WILL SOMETIMES SEND THEM OUT, IF I'M IN THE MIDST
6   OF TRIAL.  AND FOR SOME REASON I AM GOING TO BE IN THE MIDST OF
7   TRIAL FOR MUCH OF NEXT YEAR.  WE MOVE CASES QUICKLY IN THIS
8   COURTROOM.  I AM SCHEDULED TO BE IN A MULTIPLE MONTH, MULTIPLE
9   DEFENDANT, MULTIPLE DEATH PENALTY CASE NEXT FALL.  SO I AM
10  WORKING ON -- I'M MANAGING MY DOCKET TO DEAL WITH THAT.
11          SO YOUR CASE DATES WILL REFLECT THAT, THAT REALITY.
12  OR AT LEAST YOU ARE ALL ON NOTICE OF THAT REALITY.
13          THIS IS NOT AN EMPLOYMENT CASE NOR ARE THE CASES THAT
14  FOLLOW, BUT YOU SHOULD ALL KNOW THAT I DO IN CASE PEOPLE IN
15  YOUR OFFICES HAVE EMPLOYMENT CASES, I DO USE THE FJC PROTOCOL
16  FOR EMPLOYMENT CASES WHICH REQUIRES THE EARLY DISCLOSURE OF
17  CERTAIN CATEGORIES OF DOCUMENTS.
18          THE GOAL OF THAT PROTOCOL IS TO PUT CASES IN AN EARLY
19  SETTLEMENT POSTURE.  I THINK PLAINTIFFS PROBABLY LIKE IT MORE
20  THAN DEFENDANTS BUT SO FAR IT'S THE PROTOCOL I'M USING.
21          LAW AND MOTION.  WE HAVE COME OUT OF A JUDICIAL
22  EMERGENCY.  I THINK I'M SIX MONTHS AWAY FROM BEING TOTALLY ON
23  TOP OF GETTING MOTION ORDERS OUT WHEN I HAVE HEARINGS
24  SCHEDULED.
25          AS YOU GUYS PROBABLY KNOW BETTER THAN THE ONES

1   BEFORE -- BEHIND YOU, IT WAS DIFFICULT TO GET THE ORDERS OUT IN
2   YOUR CASE.  BUT I CAN TELL YOU WE ARE ALL RELIEVED TO FINALLY
3   BE FULLY STAFFED, SO I AM LOOKING FORWARD TO THE POINT IN TIME
4   WHEN OUR WEEKEND WORK IS ACTUALLY WORK ON THE CURRENT THINGS
5   THAT ARE IN FRONT OF US AS OPPOSED TO TRYING TO GET OUT
6   EVERYTHING THAT WE'D HEARD AWHILE AGO.
7           SUMMARY JUDGMENT.  SO THAT YOU KNOW, I, AGAIN, USE A
8   PROTOCOL THAT IS TYPICALLY USED IN ALL THE FEDERAL DISTRICT
9   COURTS IN THE SOUTHERN DISTRICT OF NEW YORK.  AND THAT IS TO
10  REQUIRE THAT INDIVIDUALS COME BEFORE ME FOR A PRETRIAL OR A
11  PREMOTION CONFERENCE.  AND THIS IS ALL SET FORTH IN MY STANDING
12  ORDER.  BUT THIS IS ESSENTIALLY THE WAY IT WORKS.
13          IF SOMEONE WANTS TO FILE A MOTION FOR SUMMARY
14  JUDGMENT, YOU ARE REQUIRED TO FILE ABOUT A THREE-PAGE KIND OF
15  EXECUTIVE SUMMARY OF WHAT IT IS YOU INTEND TO BRING.  THE OTHER
16  SIDE THEN RESPONDS.  AND I HAVE YOU IN WITHIN ABOUT A WEEK OR
17  SO ON A WEDNESDAY OR FRIDAY AFTERNOON -- THAT'S WHEN I DO NOT
18  HAVE STANDING CALENDARS -- TO TALK ABOUT THE MOTION.
19          I HAVE FOUND IT TO BE INCREDIBLY USEFUL, AS HAVE MANY
20  LITIGANTS FOR A VARIETY OF REASONS.  ONE IS THAT MANY CASES,
21  WHEN THEY ARE FILED IN THE FIRST INSTANCE, HAVE MULTIPLE CAUSES
22  OF ACTION FOR OBVIOUS REASONS.
23          PLAINTIFFS DON'T ALWAYS KNOW WHAT DISCOVERY IS GOING
24  TO SHOW.  BY THE END OF THE CASE, THERE ARE A NUMBER OF CAUSES
25  OF ACTION THAT REALLY SHOULDN'T GO TO TRIAL.  FREQUENTLY THE

1   DEFENDANTS CAN POINT THESE OUT IN A LETTER.  AND I'VE HAD
2   PLAINTIFFS JUST DISMISS THEM WITHOUT MOTION PRACTICE.  IT JUST
3   IS EFFICIENT FOR EVERYBODY.
4            ON THE OTHER HAND, YOU KNOW, DEFENDANTS FREQUENTLY
5   HAVE CLIENTS WHO DEMAND THAT THEY FILE MOTIONS BECAUSE YOU FILE
6   MOTIONS.  THAT GIVES ME AN OPPORTUNITY TO SAY:
7                 "REALLY?  BASED UPON THIS YOU THINK I'M NOT
8                 GOING TO FIND A TRIABLE ISSUE?  OKAY.  WELL, I'LL SEE
9                 YOUR EVIDENCE.  BUT LET YOUR CLIENT KNOW WHEN THEY
10                GET THE TWO-PAGE ORDER SAYING 'DENIED' THAT THE 70,
11                $80,000 THEY JUST SPENT THEY WERE AT LEAST WARNED
12                THAT THAT IS WHAT WAS GOING TO HAPPEN."
13           MAKES ME FELL LESS GUILTY.  SO, IN ANY EVENT, THEY
14  ARE VERY PRODUCTIVE CONVERSATIONS.  IT ALLOWS US TO SEE IF
15  THERE'S SOME EFFICIENCIES THAT CAN BE HAD IN TERMS OF DOCUMENTS
16  OR EVIDENCE, WHATEVER, AND FRANKLY GIVES ME A PREVIEW OF THE
17  MOTIONS SO THAT I'M NOT READING THE MOTIONS IN A VACUUM.
18           ANYWAY, SO THOSE ARE THINGS THAT APPLY ACROSS THE
19  BOARD.  ONE NOTE: MOTIONS TO SEAL, TO THE EXTENT ANYBODY IS
20  USING THEM, THERE IS A NEW RULE IN THIS DISTRICT WITH RESPECT
21  TO MOTIONS TO SEAL.  AND PLEASE FOLLOW THE RULE.  YOU CAN NOW
22  EFFECTIVELY SEAL ON YOUR OWN, BUT YOU DO HAVE TO MAKE SURE TO
23  DO IT IN THE RIGHT WAY.
24           IF, FOR INSTANCE, YOU'RE BRINGING A MOTION TO SEAL
25  THE EVIDENCE THAT YOU WERE SUBMITTING IN SUPPORT OF A MOTION

1  FOR SUMMARY JUDGMENT, THE NOTICE OF MOTION FOR YOUR SUMMARY
2  JUDGMENT MOTION IS A SEPARATE ENTRY. NUMEROUS ATTORNEYS HAVE
3  FILED THE ADMINISTRATIVE MOTION TO SEAL, WHICH DOES NOT CREATE
4  A GAVEL IN OUR SYSTEM, AND THEREFORE DOES NOT PUT YOU ON THE
5  DOCKET FOR HEARING.
6          THE ADMINISTRATIVE MOTION IS NOT RELEVANT TO THE
7  HEARING DATE.  SO PEOPLE WILL FILE THIS ADMINISTRATIVE MOTION,
8  AND THEN ALL OF THE NOTICE AND SUMMARY JUDGMENT UNDERNEATH IT,
9  AND IT NEVER GETS ON THE CALENDAR.  SO YOU HAVE TO MAKE SURE
10 THAT YOUR ADMINISTRATIVE MOTION ONLY RELATES TO THE SEALED
11 DOCUMENTS AND NOT THE ACTUAL NOTICE OF MOTION OF YOUR MOTION.
12         ANYWAY, THE OTHER THING IS I SHOULD BE ABLE TO CLICK
13 ON THE DOCKET AND LOOK AT WHAT YOU'RE TRYING TO SEAL.  IT
14 SHOULD BE HIGHLIGHTED SO THAT WE CAN QUICKLY RESOLVE THOSE
15 ISSUES FOR YOU.
16         OKAY.  SO DATES FOR CLASS CERT.  WE JUST COMPLETED
17 OUR JUDGES' CONFERENCE FOR THE NORTHERN DISTRICT OF CALIFORNIA.
18 AND CLASS CERT MOTIONS WERE A TOPIC THAT WE DISCUSSED.  I THINK
19 MOST OF US AGREED THAT LOOKING AT THE CASE LAW THAT'S COMING
20 OUT OF THE SUPREME COURT AND OF THE CIRCUIT THAT THE REALITY IS
21 WE NEED TO BE DOING MORE AND MORE MERITS-BASED ANALYSIS ON
22 THESE MOTIONS, WHICH MEANS THAT WE NEED TO MAKE SURE THAT
23 WE'RE -- WE USED TO DO THESE KIND OF -- HAVE THESE MOTIONS DONE
24 EARLIER IN THE LITIGATION.  NOW, I THINK THERE'S A SENSE THAT
25 WE NEED TO MAKE SURE THAT THE PLAINTIFFS HAVE ENOUGH TIME TO

1  CONDUCT THEIR DISCOVERY BECAUSE WE'VE GOT TO LOOK AT THE ISSUES
2  MUCH MORE HOLISTICALLY AND WITH A MUCH MORE -- MUCH MORE FOCUS
3  ON MERITS.
4         SO I SEE IN YOUR STATEMENT THAT THE ANTICIPATION IS
5  THAT THERE'S GOING TO BE A MOTION, OBVIOUSLY, FOR CLASS CERT
6  AND THAT THERE WILL PROBABLY BE A MOTION FOR SUMMARY JUDGMENT.
7  I THINK BOTH OF THOSE ARE APPROPRIATE.  BUT WHAT I THINK I
8  WOULD PREFER TO HAVE YOU DO IS FOR THEM TO BE TEED UP AT THE
9  SAME TIME.
10        THAT IS, I SUSPECT THAT AS HAS BEEN INDICATED YOU SAY
11 "EARLY SUMMARY JUDGMENT."  I DON'T KNOW HOW EARLY YOU MEAN, BUT
12 IF IT'S GOING TO BE BASED UPON THE SAME KINDS OF ISSUES THAT
13 I'M DEALING WITH ON CLASS CERT THEN I WANT TO DEAL WITH THEM AT
14 THE EXACT SAME TIME.
15        SO WHAT I WOULD ANTICIPATE IS A PLAINTIFF'S MOTION
16 FOR CLASS CERT, DEFENDANTS' OPPOSITION AND CROSS MOTION FOR
17 SUMMARY JUDGMENT.  THEN, A PLAINTIFF'S REPLY TO THE CLASS CERT
18 WITH ITS OPPOSITION TO THE SUMMARY JUDGMENT.  AND THEN,
19 FINALLY, DEFENDANTS' REPLY.  BASICALLY LEAVES ME WITH FOUR
20 BRIEFS, SIMILAR ISSUES, UNLESS YOU'RE THINKING OF SOMETHING
21 ELSE.  BUT THAT WAS MY SENSE GIVEN WHAT I READ.
22        **MR. LEE:**  YOUR HONOR, THAT WOULD WORK.  WE ALSO
23 BELIEVE JUST CLASS CERTIFICATION ALONE EARLY ON IN THE PROCESS
24 WILL WORK, AS WELL.  I THINK YOUR HONOR AT AN EARLIER HEARING
25 EXPRESSED SOME DOUBT ABOUT WHETHER THIS CASE CAN BE TRIED ON A

1  CLASS BASIS. AND WE THINK IF WE JUST -- SOME OF THE
2  READILY-AVAILABLE EVIDENCE, IF WE PRODUCE THEM EARLY ON I THINK
3  IT WILL BECOME SO APPARENT THAT THIS CASE CANNOT BE TRIED ON A
4  CLASS BASIS, BECAUSE YOU WILL HAVE TO LOOK AT EVERY SINGLE
5  TRANSACTION OF EVERY SINGLE CLASS MEMBER. AND WE OUTLINED SOME
6  OF THE KEY DOCUMENTS WE THINK WILL PROVIDE MORE THAN AMPLE
7  EVIDENCE FOR PLAINTIFFS TO FILE HER CLASS CERT MOTION. YOU
8  KNOW, ALL OUR WRITTEN POLICIES, STATISTICAL DATA ABOUT THE
9  ISSUES OF THE CLAIMS IN THIS CASE, ALL OF HER TRANSACTION FILES
10 THAT ARE AT ISSUE.
11         I THINK JUST LOOKING AT THAT I THINK IT WILL BECOME
12 SO APPARENT THAT YOU CANNOT CERTIFY A CLASS THAT THAT MAY BE --
13 IT MAY BE WORTHWHILE TO DO IT IN TWO STEPS, BUT WE'RE NOT
14 OPPOSED TO DOING BOTH AT ALL BECAUSE WE THINK IT'S QUITE
15 SIMILAR.
16         I GUESS ONE THING WE JUST DON'T WANT IS FOR
17 PLAINTIFFS TO SAY:
18             "WE NEED SO MUCH MORE EVIDENCE FOR SUMMARY
19             JUDGMENT," SUCH THAT IT DRAGS ON WITH MONTHS AND
20 MONTHS OF DISCOVERY JUST BECAUSE WE BELIEVE FOR CLASS CERT.
21 AND THIS IS ONE OF THE FEW CASES, I UNDERSTAND -- AND AGREE
22 WITH YOUR HONOR ABOUT CLASS CERT. YOU HAVE TO LOOK MORE AT THE
23 MERITS NOWADAYS. BUT I THINK THIS IS ONE OF THE UNIQUE CASES
24 WHERE IT WILL BECOME SO APPARENT AND OBVIOUS THAT THEY CAN'T BE
25 TRIED ON A CLASS BASIS THAT IT MAY BE ABLE TO DONE IN A QUITE

| | |
|---|---|
| 1 | EXPEDITED BASIS, YOUR HONOR. |
| 2 | **MR. FERRIGNO:** I'D LIKE TO RESPOND, YOUR HONOR. I |
| 3 | THINK THE COURT'S COMMENT AT THE LAST MOTION TO DISMISS HEARING |
| 4 | WAS DIRECTLY RELATED TO THE-BUYER'S-ALWAYS-RIGHT POLICY THAT IS |
| 5 | AT ISSUE IN THIS CASE.  THAT'S ONLY ONE OF THE CLAIMS THAT'S AT |
| 6 | ISSUE IN TERMS OF THE DEFENDANTS' CONDUCT. |
| 7 | AND I THINK THE COURT'S INQUIRY WAS: |
| 8 | "WELL, SUPPOSE IT'S NOT IN EVERY SINGLE CASE?" |
| 9 | AND THAT WAS YOUR COMMENT.  AND MY RESPONSE WAS: |
| 10 | "WELL, LET'S SEE WHAT THE DISCOVERY SHOWS ON |
| 11 | THAT PARTICULAR ISSUE." |
| 12 | AND I'M NOT NECESSARILY THINKING THAT BECAUSE IT'S A |
| 13 | BUYER'S-ALWAYS-RIGHT POLICY THAT YOU HAVE TO HAVE 100 -- IF YOU |
| 14 | FIND ONE PERSON, AS AN EXAMPLE, WHERE THERE'S AN EXCEPTION, |
| 15 | THAT DOESN'T MEAN THAT WE LOSE ON THAT ISSUE.  THAT'S A |
| 16 | POSITION WE WOULD TAKE. |
| 17 | WE ARE SAYING SUBSTANTIALLY PREDOMINANT PRACTICE OF |
| 18 | THE -- THE COMMON PRACTICE AND POLICY OF EBAY IS THAT THE BUYER |
| 19 | IS ALWAYS RIGHT.  THERE MAY BE EXCEPTIONS, OF COURSE. |
| 20 | NOW, ON THE OTHER ISSUES, THE COURT DIDN'T INQUIRE |
| 21 | ABOUT THAT, AND I DON'T THINK THE COURT WAS IN THAT MUCH DOUBT |
| 22 | ABOUT THOSE CLAIMS. |
| 23 | AND SO WHEN COUNSEL SAYS THAT THESE ARE NOT -- YOU |
| 24 | KNOW, THAT IT WILL BE OVER VERY SHORTLY WITH ONE EARLY MOTION |
| 25 | FOR SUMMARY JUDGMENT, WE COMPLETELY OBVIOUSLY DISAGREE. |

1  WE WANT TO DO OUR DISCOVERY. AND IN THEIR -- IN
2  THEIR SECTION OF THE JOINT CMC STATEMENT, THEY ADDRESS A WHOLE
3  BUNCH OF CASES. I DIDN'T ACTUALLY EXPECT THAT. BUT
4  PREDOMINANCE IS NOT ABOUT THE EFFECT ON THE PLAINTIFFS.
5  PREDOMINANCE IS ABOUT THE PRACTICES OF THE DEFENDANT,
6  AND WHETHER OR NOT THEY ENGAGE AS A COMMON PRACTICE AND WHAT
7  THEY DO IN ENFORCING THESE POLICIES THAT WE'RE ALLEGING. SO IT
8  IS WHETHER OR NOT YOU HAVE PREDOMINANCE WITH RESPECT TO THE
9  DEFENDANTS' CONDUCT, NOT WITH RESPECT TO HOW THE PLAINTIFF IS
10 AFFECTED.
11 IF WE SHOW INJURY, DAMAGES IS A SEPARATE ISSUE. IF
12 WE SHOW CONSISTENT ONE TYPE OF INJURY TO ALL THE PLAINTIFFS,
13 THEN THEIR INDIVIDUAL DAMAGES IS A SEPARATE ISSUE.
14 PREDOMINANCE HAS TO DO WITH THE DEFENDANTS' CONDUCT. AND SO TO
15 SAY THAT WE WOULD HAVE TO SHOW, YOU KNOW, THE EFFECT ON EACH
16 INDIVIDUAL CLASS MEMBER IS JUST WRONG.
17 AND SO, OTHERWISE, ALL CLASS ACTIONS WOULD BE
18 DISMISSED ON THAT BASIS. SO I JUST WANTED TO POINT THAT OUT
19 AND ASK THE COURT THAT WE GET AS MUCH REASONABLE AMOUNT OF TIME
20 TO DO OUR DISCOVERY.
21 THIS IS A $68 BILLION PER YEAR BUSINESS AS OF 2011.
22 THERE'S A HUGE NUMBER OF TRANSACTIONS. OBVIOUSLY, WE'RE NOT
23 LOOKING TO PROVE EVERY TRANSACTION. AND WE'RE AWFULLY HAPPY TO
24 HEAR THAT THEY HAVE STATISTICS. WE'LL WANT TO GET INTO THOSE
25 IN DISCOVERY. BUT I THINK WE'RE READY TO DO THE DISCOVERY, BUT

1   WE NEED CONSIDERABLE TIME.

2   **THE COURT:** WELL, I'M NOT GOING TO GIVE YOU A YEAR.
3   I DON'T GIVE ANYBODY A YEAR. WHAT I AM WILLING TO DO IS --
4   AND, YOU KNOW, AND THIS CAN BE DONE IN -- I WANT TO SAY
5   "STAGES," BUT IF AFTER SIX MONTHS OF DISCOVERY YOU DON'T HAVE A
6   SUFFICIENT SHOWING OR YOU DON'T HAVE ENOUGH TO BE ABLE TO SHOW
7   THAT SUMMARY JUDGMENT AT THAT POINT SHOULDN'T BE GRANTED, THAT
8   SHOULD SAY SOMETHING. I MEAN, ASSUMING THEY ARE GOING TO BE AS
9   FORTHCOMING AS THEY SAY THEY ARE.

10  BUT I DO WANT THIS BECAUSE IT'S -- YOU KNOW, THIS
11  CASE IS FROM 2013. WE'RE ALMOST FINISHED WITH 2014 AT THIS
12  POINT. SO THE CASES ARE SUPPOSED TO BE RESOLVED IN NO LESS OR
13  NO MORE THAN THREE YEARS.

14  SO WE NEED TO START MOVING. AND IF IT TURNS OUT
15  THAT, YOU KNOW, THAT THIS APPROACH HAVING THE MOTION FOR CLASS
16  CERT TIED TO SUMMARY JUDGMENT DOESN'T WORK, BECAUSE SOMEHOW YOU
17  THINK YOU DON'T HAVE ENOUGH, AND YET ON THE OTHER SIDE YOU
18  THINK THAT THERE'S MORE THAN ENOUGH, THEN PERHAPS I HAVE TO
19  HEAR THEM SEPARATELY.

20  BUT WE'RE OBVIOUSLY NOT GOING TO KNOW UNTIL I GET
21  SOME DISCOVERY. AND I WOULD SUGGEST, YOU KNOW, THAT
22  DEPOSITIONS GET SCHEDULED ONCE YOU GET AT LEAST SOME SET OF
23  DOCUMENTS. AND PERHAPS IF YOU ARE SO SURE OF YOURSELF THEN
24  MAKE SOME ACCOMMODATIONS AND AGREE TO PRODUCE THEM TWICE IF
25  THEY CAN GET BEYOND SOME EARLY RULING. BUT LET'S GET THE THING

1  MOVING.

2  **MR. FERRIGNO:** MY CONCERN, YOUR HONOR, IS JUST THAT
3  IN MY EXPERIENCE IN LITIGATING AGAINST LARGE CORPORATIONS WE
4  USUALLY HAVE LOTS OF DISCOVERY MOTIONS ON THE DEFENDANTS' SIDE,
5  ESPECIALLY, YOU KNOW, SEEKING PROTECTIVE ORDER OR --

6  **THE COURT:** WELL, PROTECTIVE ORDER SHOULD BE A ZERO
7  ISSUE. THERE IS A STANDARD PROTECTIVE ORDER IN THIS DISTRICT.
8  IT SHOULD BE USED.

9  **MR. FERRIGNO:** EXCUSE ME, YOUR HONOR. I DIDN'T MEAN
10 TO IMPLY THE STANDARD PROTECTIVE ORDER. I MEAN PROTECTIVE
11 ORDER OR OBJECTIONS TO THE TYPE OF DISCOVERY THAT PLAINTIFF IS
12 SEEKING, YOU KNOW: FAILURE TO COOPERATE. TAKING MONTHS TO
13 GET, YOU KNOW, ONE MOTION RESOLVED IS A VERY COMMON EXPERIENCE
14 THAT I HAVE.

15 **THE COURT:** NOT WITH ME.

16 **MR. FERRIGNO:** WELL, THAT'S GREAT. I APPRECIATE
17 THAT, YOUR HONOR.

18 **THE COURT:** AND BUT DON'T OVERREACH, EITHER.

19 **MR. FERRIGNO:** I UNDERSTAND.

20 **THE COURT:** THE REALITY IS THAT YOU HAVE THERE -- ON
21 THE FACE OF THIS CASE I HAVE SOME CONCERNS. AND SO THERE COULD
22 BE SOMETHING THERE. I DON'T KNOW. BUT I HAVE SOME CONCERNS
23 WITH THIS CASE. SO DON'T OVERREACH. DO IT IN PHASES. AND IF
24 YOU ARE NOT OVERREACHING AND THEY ARE NOT PRODUCING, THAT'S WHY
25 WE HAVE THESE QUICK LETTERS.

1     YOU DO A JOINT LETTER.  AND, FRANKLY, I'M NOT GOING
2  TO GIVE YOU A LOT OF REASONED ANALYSIS.  I DON'T HAVE TIME FOR
3  THAT.  YOU ARE GOING TO GET AN ANSWER.  AND IT IS GOING TO BE
4  THAT THE THINGS ARE GOING TO MOVE.  YOU ARE GOING TO PRODUCE.
5  OTHERWISE, I'LL JUST SANCTION PEOPLE.  I MEAN, I DON'T HAVE A
6  LOT OF TOLERANCE FOR DISCOVERY DISPUTES.
7     **MR. FERRIGNO:**  SO JOINT LETTER IS THE PRACTICE, YOUR
8  HONOR?
9     **THE COURT:**  IF YOU HAVEN'T READ MY STANDING ORDER
10 YET --
11    **MR. FERRIGNO:**  I DID.  I DID.
12    **THE COURT:**  -- YOU SHOULD.  BUT THAT'S IN THERE.
13    **MR. FERRIGNO:**  OKAY.
14    **THE COURT:**  SO THAT IS THE PRACTICE.  OKAY?
15        SO LET'S -- I WANT -- SO AT THIS POINT -- AND YOU'RE
16 ALWAYS WELCOME TO COME IN, AND WE CAN HAVE ANOTHER CONFERENCE
17 AND SEE HOW THINGS ARE GOING.  BUT GIVEN MY FALL I WANT THE
18 MOTION FOR CLASS CERT TO BE FILED NO LATER THAN MAY 5TH.  TWO
19 WEEKS FOR OPPOSITION, OR DO YOU THINK YOU NEED MORE?
20    **MR. LEE:**  IF WE CAN GET A MONTH, YOUR HONOR.
21    **THE COURT:**  WELL, WHY?
22        WHY DO YOU NEED THAT MUCH?
23    **MR. LEE:**  POTENTIALLY, DEPENDING ON WHAT THEY SAY, WE
24 MAY NEED AN EXPERT.  WE'RE NOT SURE.  WE DON'T THINK SO.  BUT
25 IN CASE, FOR EXAMPLE, ON DAMAGES ANALYSIS, DEPENDING WHAT IT IS

1  WE MAY WANT AN EXPERT ON THAT. AND FROM MY EXPERIENCE EXPERTS
2  SOMETIMES DON'T WORK AS QUICKLY AS WE WOULD LIKE THEM TO.
3     **THE COURT:** YOU CAN HAVE THREE WEEKS. MAY 26.
4     REPLY. HOW MUCH TIME DO YOU WANT? THREE WEEKS.
5     **MR. FERRIGNO:** SAME TIME, YES, YOUR HONOR.
6     **THE COURT:** OKAY. THAT WOULD BE JUNE 16.
7     **MR. FERRIGNO:** SO YOU'RE SETTING IT FOR MAY 5TH,
8  2015, YOUR HONOR, FOR CLASS CERT FILING?
9     **THE COURT:** YES. THEN --
10    **MR. FERRIGNO:** I PRESUME IT'S WITHOUT PREJUDICE TO
11 OUR SHOWING SOME CAUSE WHY IT SHOULD BE PUSHED BACK?
12    **THE COURT:** YES, BUT DON'T DO IT ON THE EVE OF THAT
13 DATE.
14    **MR. FERRIGNO:** I UNDERSTAND.
15    **THE COURT:** SO WHAT I WOULD SUGGEST IS THAT WE
16 HAVE -- WE CAN HAVE ANOTHER CASE MANAGEMENT CONFERENCE MARCH
17 31ST. I'LL SEE WHERE YOU ARE.
18    **MR. FERRIGNO:** THANK YOU, YOUR HONOR.
19    **THE COURT:** NOW, UNDER THIS ANALYSIS I WOULD EXPECT
20 THAT THE OPPOSITION IS ALSO A JOINT MOTION UNLESS YOU BRING --
21 THAT IS A JOINT MOTION FOR SUMMARY JUDGMENT.
22    THEN, THE OPPOSITION TO THAT AND THE REPLY ARE DUE ON
23 JUNE 16TH. AND THE REPLY IN SUPPORT OF SUMMARY JUDGMENT WOULD
24 BE JUNE 30TH.
25    **MR. FERRIGNO:** I'M SORRY, YOUR HONOR. I'M NOT QUITE

| | |
|---|---|
| 1 | WITH YOU ON THIS ONE. |
| 2 | **THE COURT:** SO THEY WILL FILE THEIR OPPOSITION AND A |
| 3 | CROSS MOTION FOR SUMMARY JUDGMENT. |
| 4 | **MR. FERRIGNO:** OH, THE CROSS MOTIONS. OKAY. |
| 5 | **THE COURT:** UNLESS THEY COME IN BEFORE THAT DAY UNDER |
| 6 | THE PROTOCOL OF ASKING FOR AN EARLIER SUMMARY JUDGMENT, ASKING |
| 7 | TO DO IT SOONER THAN THAT. |
| 8 | **MR. FERRIGNO:** AND I GUESS I MISSED THE DEADLINE FOR |
| 9 | THE FILING OF THE CROSS MOTION FOR SUMMARY JUDGMENT, YOUR |
| 10 | HONOR. I'M SORRY. |
| 11 | **THE COURT:** THE SAME DAY AS THEIR OPPOSITION, SO MAY |
| 12 | 26TH. |
| 13 | **MR. FERRIGNO:** MAY 26TH. THANK YOU. |
| 14 | **THE COURT:** THEN, A HEARING. GIVE ME THREE WEEKS ON |
| 15 | THAT ONE, JULY 21ST. |
| 16 | DO YOU HAVE -- MR. -- HOW DO YOU PRONOUNCE YOUR |
| 17 | NAME? FERRIGNO? |
| 18 | **MR. FERRIGNO:** FERRIGNO. |
| 19 | **THE COURT:** FERRIGNO. |
| 20 | **MR. FERRIGNO:** IT'S LIKE THE N-Y IN CANYON. |
| 21 | **THE COURT:** OKAY. FERRIGNO. HAVE YOU EVER LITIGATED |
| 22 | A CASE LIKE THIS? DO YOU ANTICIPATE HAVING EXPERTS? |
| 23 | **MR. FERRIGNO:** YES, YOUR HONOR. |
| 24 | **THE COURT:** DO YOU HAVE AN EXPERT ONBOARD YET? |
| 25 | **MR. FERRIGNO:** NO, WE DON'T, YOUR HONOR. |

| | |
|---|---|
| 1 | **THE COURT:** DO YOU ANTICIPATE BRINGING AN EXPERT AS |
| 2 | PART OF YOUR MOTION FOR CLASS CERT? |
| 3 | **MR. FERRIGNO:** WELL, IT DEPENDS ON WHAT THE DEFENDANT |
| 4 | DOES ON THEIR CROSS MOTION, I GUESS.  I DON'T KNOW. |
| 5 | **THE COURT:** TO BRING A MOTION FIRST.  YOU'RE THE |
| 6 | FIRST TO FILE. |
| 7 | **MR. FERRIGNO:** YES, I KNOW.  NOT ON OUR -- I DON'T |
| 8 | ANTICIPATE DOING IT FOR THE CLASS CERT, YOUR HONOR, UNLESS WE |
| 9 | GET SOME SIGNAL FROM THEM THAT THERE'S AN ISSUE THAT |
| 10 | INTERRELATES BETWEEN THE MOTION FOR SUMMARY JUDGMENT AND THE |
| 11 | CLASS CERT.  AND YOU'RE SAYING MERITS IS BECOMING MORE |
| 12 | IMPORTANT PUTS US IN A LITTLE BIT OF A QUANDARY. |
| 13 | **THE COURT:** WELL, IT'S NOT ME SAYING IT.  IT'S THE |
| 14 | SUPREME COURT THAT IS SAYING THAT. |
| 15 | **MR. FERRIGNO:** I UNDERSTAND. |
| 16 | THAT MAY BE A BASIS FOR US AT THE CMC IN MARCH TO ASK |
| 17 | THE COURT TO SEPARATE THE TWO MOTIONS. |
| 18 | **THE COURT:** WELL, LET'S DO THIS.  I NEED TO HAVE A |
| 19 | BETTER SENSE OF WHAT IS HAPPENING IN THIS CASE.  FEBRUARY 2ND |
| 20 | COME BACK FOR A CMC.  AND LET ME KNOW WHAT THE STATUS IS OF ALL |
| 21 | THIS DISCOVERY AND WHERE YOU ARE WITH RESPECT TO EXPERTS.  AT |
| 22 | THIS POINT WHAT I'M GOING TO DO IS, ASSUMING THAT WE CAN MAKE |
| 23 | SOME DECISIONS ON A -- OR THAT I CAN MAKE SOME DECISIONS ON A |
| 24 | NARROWER SET OF DISCOVERY, WHAT I'M GOING TO DO IS SET YOUR |
| 25 | CUTOFFS AFTER THESE MOTIONS, BECAUSE THEY DON'T -- WHAT I'M |

1    TRYING TO GET YOU TO DO IS FOCUS ON WHAT IS IMPORTANT FOR THESE
2    MOTIONS, AND THEN WE KNOW, ONE WAY OR THE OTHER.  WE SHOULD
3    HAVE A MUCH BETTER SENSE BY MAY, AND CERTAINLY BY THE TIME I
4    HAVE THE HEARING IN JULY, WHETHER THIS THING IS GOING FORWARD
5    OR NOT, ON THAT BASIS, BECAUSE OBVIOUSLY IF YOU DON'T HAVE A
6    CLASS ACTION IT MAY BE LESS COMPELLING.  YOU FIGURE OUT, YOU
7    KNOW, WHETHER IT'S GOING TO RESOLVE IN A DIFFERENT WAY.
8            SO WHAT I'M GOING TO DO IS SET FACT DISCOVERY CUTOFF
9    FOR AUGUST 28TH.  THAT WILL GIVE YOU A FEW MORE WEEKS, IF
10   NECESSARY.  EXPERT DISCLOSURES, SEPTEMBER 11TH.
11           REBUTTAL DISCLOSURES, SEPTEMBER 25TH.  EXPERT CUTOFF
12   OCTOBER 16TH.  WELL, I'M NOT GOING TO GIVE YOU A TRIAL DATE
13   YET.  I THINK THAT THOSE CUTOFFS ARE GOING TO BE SUFFICIENT
14   UNTIL I SEE YOU AGAIN IN FEBRUARY.  THEN, I CAN GIVE YOU A
15   TRIAL DATE.  I'LL KNOW BETTER WHAT MY SCHEDULE IS, AND WE WILL
16   HAVE A BETTER SENSE OF WHAT DISCOVERY IS LOOKING LIKE IN THIS
17   CASE.
18           AND IF IT'S IN FEBRUARY AND YOU REALIZE YOU NEED AN
19   EXPERT AND WE NEED TO RESHUFFLE THINGS, THEN WE'LL RESHUFFLE
20   THEM.
21           **MR. FERRIGNO:**  YOUR HONOR, YOUR MOTION DATES ARE
22   ALWAYS IN THE MORNING OR IN THE AFTERNOON?
23           **THE COURT:**  ALWAYS IN THE AFTERNOON.  MY TRIAL DAY IS
24   8:30 TO THE 1:30.  ALL MY CALENDARS ARE AT 2:00 O'CLOCK.
25           **MR. FERRIGNO:**  THANK YOU, YOUR HONOR.

1    **THE COURT:** OKAY, GENTLEMEN.  THANK YOU VERY MUCH.

2    **MR. FERRIGNO:** THANK YOU VERY MUCH, YOUR HONOR.

3    **MR. LEE:** THANK YOU, YOUR HONOR.

4    (THEREUPON, THIS HEARING WAS CONCLUDED.)

5    STENOGRAPHY CERTIFICATION

6    "I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER."

7    NOVEMBER 8, 2014
     KATHERINE WYATT

8    _____

9

10   *Kathy Wyatt* (signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25