J. David Franklin, Esq., Bar No. 41659
FRANKLIN & FRANKLIN
402 West Broadway, Suite 1140
San Diego, CA 92101
Tel: (858) 229-4441

Anthony A. Ferrigno, Esq., Bar No. 61104
LAW OFFICES OF ANTHONY A. FERRIGNO
1116 Ingleside Avenue
Athens, TN 37303
Tel: (423) 744-4041
Fax: (925) 945-8792

Pamela E. Havird, Esq., Bar No. 129410
Attorney at Law
P. O. Box 375
La Jolla, CA 92038
Tel: (619) 888-8090
Fax: (858) 815-7778

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAGGIE CAMPBELL, on behalf of herself and on behalf of all persons in California similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EBAY, INC., a foreign corporation authorized to do business and doing business in California, and PAYPAL, INC., a foreign corporation authorized to do business and doing business in California,<br><br>Defendants. | Case No. 3:13-cv-02632- HSG<br><br>**DECLARATION OF J. DAVID FRANKLIN IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE (FRCP RULE 41(a)(2))**<br><br>Hearing Date: July 9, 2015<br>Time: 2:00 p.m.<br>Location: Courtroom 15, 18th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

I, J. David Franklin, declare as follows:

1. I am one of the attorneys representing the Plaintiff in the above-entitled action. I have been a continuous member in good standing of the State Bar of California for over 47 years. I have personal knowledge of the facts set forth herein, except where stated on information and belief, and

Declaration of J. David Franklin ISO Plaintiff's Motion to Dismiss Without Prejudice - 1
Case No. 3:13-cv-02632-HSG

where so stated on information and belief, I believe the same to be true.

2. The Plaintiff filed this action in the Santa Clara County Superior Court in California in October, 2012 as a putative class action. The case was removed by the Defendants to the Northern District of California in June, 2013. After several motions to dismiss filed by the Defendants, the Fourth Amended Complaint withstood the legal challenges by the Defendants in August, 2014. After the Defendants answered the Fourth Amended Complaint, the Court entered a Scheduling Order in October, 2014, which was objected to by Plaintiff's counsel because it provided an inadequate amount of time to conduct the discovery necessary to support class certification and the discovery necessary in order to adequately prepare this complex case for trial.

3. The Defendants served a Request for Production of Documents consisting of 8 document requests on December 23, 2014. Defendants also served on Plaintiff on the same date a set of interrogatories consisting of 13 questions. Thus, Defendants commenced their discovery in this case on December 23, 2014. Thirteen days later, Plaintiff served her First Request for Production of Documents on the Defendants, consisting of 10 document requests. Copies of this written discovery are attached to the Declaration of Kenneth K. Lee in Support of the Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint With Prejudice as Exhibits A, B and D. Although the Defendants provided documents to the Plaintiff pursuant to the Rule 26 disclosure requirement, the Defendants did not provide the documents sought by the Plaintiff in her first document request.

4. At the Case Management Conference on March 19, 2015, Mr. Ferrigno arrived about one half hour late because of the fact that he had been tied up with a case in Stockton, California that morning. By the time that he arrived at the federal courthouse, the Case Management Conference had concluded. In a Joint Case Management Conference Statement, Plaintiff's counsel had requested a larger amount of time in which to conduct discovery for purposes of class certification and for trial preparation. At the Case Management Conference on March 19, 2015, the Court merely adopted the Scheduling Order which had been put in place in October, 2014.

5. When this Court reaffirmed the Scheduling Order on March 19, 2015, it became readily apparent to Plaintiff's counsel that there was no way that Plaintiff could obtain the discovery necessary for class certification under the schedule established by the Court. At that point, Plaintiff and her counsel

made the decision not to pursue this case as a class action lawsuit, and also made the decision to seek voluntary dismissal of this case without prejudice in order that the Plaintiff could pursue her state law claims in the Santa Clara County Superior Court. The reason that the Plaintiff was not made available for deposition at the end of April, 2015, was because the Plaintiff would be seeking a voluntary dismissal of her Fourth Amended Complaint Without Prejudice.

6. From the Plaintiff's point of view, the best resolution would be for the Court to remand this action back to the Santa Clara County Superior Court. If such a remand is not forthcoming, it is the intention of the Plaintiff to re-file her state law claims in the Santa Clara County Superior Court if this Court grants Plaintiff's Motion For Voluntary Dismissal Without Prejudice.

I declare under penalty of perjury under the laws of the United States and the laws of the State of California that the foregoing is true and correct.

Executed on June 15, 2015, at San Diego, California.

s/J. David Franklin
J. David Franklin
One of the Attorneys for Plaintiff Maggie Campbell